## ROBERT S. REAVES, *et al.*, v. JAMES E. OLIVER.

1. PUBLIC LAND — *Power of Courts.* Courts have the power to deal with possession of land, prior to the issue of patent, and will protect the possessory rights of those entitled to the same under the laws relating to public lands.

2. HOMESTEAD ENTRY — *Remedy Against Trespasser* Mandatory injunction is a proper remedy to protect the possession of one having a valid homestead entry on public land, against persons who are trespassing on the land.

3. PREFERENCE RIGHT—*Attaches, When* One who prosecutes a contest against a homestead entry for fraud, under the act of May 14, 1880, and secures the cancellation of the entry, thereby acquires a preference right of entry for thirty days from notice of the cancellation of said entry, and when he makes a homestead entry of the lands within that time, his right relates back to the date of the initiation of his contest; and a settlement made upon the land, while his contest is pending by another adverse claimant, gives such claimant no rights as a settler, and such homestead entryman may have him restrained from interfering with the occupancy and possession of said land.

4. LAND OFFICERS—*Duties of.* The land officers, in allowing a homestead entry, are required to pass upon the qualifications of the entryman, and the courts will not inquire into or pass upon any question of fact, properly belonging to that department, while such matters are pending before the land department.

5. RIGHT OF POSSESSION — *Courts to Determine.* Courts may inquire into the status of the claimants before the land department sufficiently to determine who has the better right to possession under the laws of the United States.

6. ENTRYMAN—*Rights of.* One contesting for a preference right has no right to the possession of the land pending the litigation, as against the homestead entryman.

7. TEMPORARY INJUNCTION—*Appellate Courts Will Vacate, When.* The granting of temporary injunctions, *pendente lite,* is largely in the discretion of the court, and appellate courts will not vacate such orders on appeal unless there has been a clear abuse of discretion, or the same is granted without authority.

*Error from the District Court of Logan County.*

*F. M. Elkin* and *J. A. Baker,* for plaintiff in error.

*Keaton & Cotteral,* for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: This is an appeal from an order of the district court of Logan county granting a temporary order of mandatory injunction. The defendant in error filed his petition in the district court, in which it is alleged that, on the 23d day of April, 1889, one Albert G. Jones made homestead entry No. 5, at the Guthrie land office, for the southwest quarter of section five, township sixteen, north of range two, west, and that, on the 1st day of August, 1889, the petitioner, Oliver, filed a contest in said land office against the entry of Jones, and applied to enter the land; that he alleged in his contest affidavit that Jones was not qualified to enter said land, by reason of having entered the Oklahoma country during the prohibited period, prior to the opening of said lands to settlement. That other persons, to-wit: Dennis Nagle, Temp Elliott and Edward S. Quarles, also filed contests against said entry of Jones and alleged prior settlement on the land; that a hearing was ordered and had as to all said parties and such proceedings had; that, finally, on the 16th day of June, 1893, the assistant secretary of the interior dismissed the contests of Nagle, Elliott and Quarles, held the entry of Jones for cancellation and awarded the preference right of entry to the petitioner, Oliver; that, afterwards, a petition for review was overruled by the Hon. Hoke Smith, secretary of the interior, and all the papers returned to the commissioner of the general land office, with instructions to carry into effect the decision of that office; that, on the 1st day of March, 1894, the homestead entry of Jones was cancelled by the commissioner of the general land office, and, on the 27th day of March, 1894, the petitioner, Oliver, was notified of said cancellation, and of his preference right to make homestead entry of said tract, awarded him under the provisions of the act of congress of May

14, 1880; that on the 29th day of March, 1894, Oliver filed his application to make homestead entry of said tract, in the United States land office at Guthrie, and paid the fees therefor, but action on the same was at that time suspended for the reason that the office of register was vacant; that, afterwards, on June 1, 1894, and as soon as said office of register was filled, his said application was allowed and homestead receiver's duplicate receipt No. 12258, issued to him for said tract.

The petitioner further alleges that he has been a *bona fide* resident and occupant of said land since June 1, 1894, and has a dwelling house thereon, and other valuable improvements.

That pending his proceedings in the land office to secure his preference right of entry, the defendant, Robert S. Reaves, with full knowledge of his rights and all the proceedings, moved upon the land in dispute, established his residence thereon, and was attempting to enter said land for a homestead, and also to contest his preference right; that he had demanded of Reaves that he surrender possession, and cease to prevent him from cultivating and occupying the land, and Reaves had refused to vacate and was using, occupying and cultivating said land and preventing him from enjoying the benefits of his homestead rights.

It is further alleged that the other defendants, Jones, Close, and William Reaves, were each residing upon the land or occupying, using or cultivating portions of the same, and all had refused to vacate after proper demand.

Each defendant demurred to the petition and afterward filed answers. Close set up that he was a tenant of Robert S. Reaves and denied further knowledge of the facts.

William Reaves denied any knowledge of the facts alleged in the petition.

Robert S. Reaves answered, admitting all the allegations as to the entry of Jones; the several contests;

the cancellation of Jones' entry; the award of the preference right to Oliver and his subsequent homestead entry; also, that he and the other defendants were occupying and using said land as alleged; that demand for possession had been made and refused, etc. But he further alleges that on July 5, 1893, he filed a contest in the United States land office at Guthrie against the homestead entry of Jones, and the contest of Oliver, in which he alleged the disqualifications of Jones, and that the contest of Oliver was collusive and fraudulent, which contest was rejected, from which he appealed, and the commissioner of the general land office, on appeal, held that his contest was properly rejected and gave him the right to contest Oliver's right to make homestead entry when he should attempt to exercise that right. That he settled upon the land on the 21st day of August, 1893, and has made valuable improvements thereon and has continuously resided thereon ever since, in good faith, with the purpose of making a homestead entry thereon.

That he protested against the entry of Oliver, and after the same was allowed he filed contest to secure the cancellation of said entry, in which he alleged that the entry of Oliver was not made in good faith, but was collusive and speculative; that Oliver had entered into contracts and written agreements to transfer portions of said land to other parties so soon as he should acquire title thereto, and also that he was a prior settler on the land. The pleadings were all properly verified by affidavit.

The cause was submitted to the court on the pleadings and a temporary injunction granted *pendente lite,* which ordered the defendants to within ten days cease from preventing the plaintiff from occupying all of said tract and to cease from in any manner interfering with his peaceable possession of the entire tract.

The defendants were permitted to remove all their buildings and crops, and time was given in which this might be done. To this order the defendants excepted and now bring the case here for review.

It is contended on one side and controverted on the other that their case comes within the principle enunciated in the case of *Sproat v. Durland,* decided by this court at the last term, 2 Okla. Rep. 24. We are not able to distinguish any material difference between the facts in this case and the facts in the *Sproat-Durland* case, and we think the same principle applicable.

The title is yet in the United States and the questions affecting the rights of the several parties to acquire title is for the officers of the land department to deal with. The courts will not interfere with or attempt to determine any question involved before the land department while the title is yet in the United States. The courts will only deal with the question of possession, and in order to do this will look into the record sufficiently to advise itself as to the true status of the parties in that department. Whenever the facts are undisputed the courts will apply the law to the status of the parties as justice may require.

In this case Oliver has the homestead entry upon the land; this of itself entitles him to the possession of the land as against anyone who cannot show such a standing in the land department as will entitle him to an equal right.

A contestant for a preference right has no right, under the law, to occupy the land as against the entryman, but when the entry is cancelled as the result of his contest and the preference right is awarded, under the act of congress of May 14, 1880, his rights relate back to the initiation of his contest, and no settlement made on the land or contest initiated subsequent to the initiation of his contest can defeat his right to enter the land, or take from him the right to

possession if he follows up his right and makes the homestead entry within the time allowed by law. This is the principle enunciated in the *Sproat-Durland* case and clearly applicable in this case.

Reaves settled on the land and began his contest after Oliver had initiated a contest against Jones to secure a preference right. Oliver followed up that contest successfully, secured the cancellation of Jones' entry, earned his preference right and took the benefit of it by making homestead entry so soon as he could legally do so after notice. When he did make the homestead entry his rights related back to the date he began his contest, and Reaves could, neither by his settlement during that time, his protest or contest, acquire any right to occupy the land as against Oliver until he shall have finally succeeded in cancelling the entry of Oliver. Possession gained in the manner that Reaves acquired it in this case is not to be encouraged. The entry of Jones was cancelled on March 1, 1894; Reaves settled on the land in August, 1893. At the time he settled the land was neither subject to entry nor settlement, and he could acquire no rights as a trespasser.

His so-called settlement, his protest and his contest, were all subject to the rights of Oliver.

The contention that Oliver has not taken the land in good faith is not one that the court can entertain. The land department must try and determine that question. The land officers have passed upon the qualifications of Oliver and awarded him the entry of the land and issued him a proper homestead certificate, which entitles him to the peaceable possession of the land embraced in his entry. The courts have the power, and it is their duty, when called upon, to protect him in these rights until an equal or superior right is shown.

Mr. Justice Miller, in *Marquez v. Frisbie*, 101 U. S., 473, said:

"We do not deny the right of the courts to deal with the possession of the land prior to the issue of patent, or to enforce the contracts between the parties concerning the land."

For further authority in support of the doctrine of this case, see cases decided this term.

We find no rule of law or principle in equity that was violated by the district court in this case.

The granting of temporary injunctions is largely discretionary, and when the parties are all before the court, and there is sufficient authority for such an order, and the pleadings are sufficient to sustain the action of the court, an appellate court should not interfere unless the order is clearly erroneous.

We find no error in the record.

The judgment of the district court is affirmed.

By the Court:   It is so ordered.

Bierer, J., having been of counsel in the contest case involving same tract of land, and Dale, C. J., having presided below, took no part in this decision; all the other Justices concurring.