### J. C. POTTS v. THOMAS HOLLON.
(Filed February 18, 1898.)

INJUNCTION—*When Properly Granted.* A. filed a homestead entry for a tract of government land. B. initiated a contest, alleging that A. was disqualified from entering the land. The contest was by the land department, decided in favor of A. During the pendency of such contest B. filed an amended affidavit of contest alleging a different ground of disqualification upon the part of A. Shortly after B. instituted the first contest, B., in

some manner, became possessed of about twenty-five acres of the land, and held such poss ssion until after the final decision upon the first contest: *Held*, that upon the authority of *Sprout v. Durland*, 2 Oklahoma, 24, A. was entitled to an injunction restraining B. from interferring with the possession of A., and requiring him to remove from the land in dispute.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*George J. Mechling,* for appellant.

*John A. Oliphant,* for appellee.

Opinion of the court by

DALE, C. J.: This case comes here on appeal from Kay county to reverse the order of the district court in granting an injunction prohibiting the appellant from further interfering with the possession of the appellee in a tract of land covered by the homestead entry of the latter, alleging insolvency upon the part of appellee. Briefly stated, the facts are as follows:

On October 13, 1893, Hollon filed his homestead entry for a tract of land situated in Kay county, and afterwards Potts filed an affidavit of contest against Hollon upon the one ground of disqualification to enter the land by reason of Hollon's having entered the Cherokee outlet from the south line of the Chillocco reservation, three and one-half miles south of the Kansas line. This contest was, by the local land office, and by the commissioner of the general land office, decided adversely to Potts. After the contest had been so decided in the local land office, and while the same was pending upon appeal before the commissioner of the general land office, Potts filed an amended contest affidavit charging generally

that Hollon was disqualified to enter the land by reason of having entered and ocupied portions of the Cherokee outlet subsequently to August 19, 1893, and prior to 12 o'clock, noon, of September 16, 1893. At the time the original contest was being considered by the commissioner of the general land office the amended contest was not before that tribunal, and upon such original contest proceedings the case was, by the commissioner of the general land office, entirely closed,. and the contest dismissed. A motion for review was filed before the commissioner of the general land office, and in such motion the fact was shown that prior to the date of the dismissal Potts had filed his amended contest affidavit. The only action upon the amended affidavit taken, was simply to refer it to the local land office for their consideration.

It is claimed by the appellant that the court below erred in granting the injunction while the contest upon the amended affidavit was pending, and further, that Hollon had slept upon his rights by permitting Potts to remain upon the land for a period of about three years before commencing the action to remove him, and in support of this contention is cited, *Proctor v. Stuart*, 46 Pa. 501. Upon the first contention, the decision of *Sproat v. Durland*, 2 Oklahoma, 24, governs. As a matter of law, Potts never had any rights as a settler upon the land. The contest was not based upon the grounds of prior settlement, but was made simply to secure a preferential right after the entry of Hollon should be cancelled.

As to the second proposition advanced: This case presents an entirely different aspect from that before us in *Stuart v. Proctor, supra.* In the case under consideration the original contest affidavit by Potts was decided before

the action to remove was instituted, and it is sought by filing a new contest and styling it an amendment to the original contest, to retain possession.    There are very many grounds of disqualification which may be alleged against a homestead entryman, and if a party were permitted to retain possession of his adversary's land during the life time of as many contests as he might bring based upon the disqualification of an entryman, the children of the homestead settler would hardly live long enough to dispossess such a contestant.

We find no error in the decision, and the judgment of the lower court is affirmed.

Bierer, J., having presided in the court below, not sitting; Tarsney, J., concurring; McAtee, J., and Keaton, J., dissenting.