## MARINDA O. COX *et al.* v. SAMUEL G. GARRETT.

(Filed July 30, 1898.)

1. HOMESTEAD ENTRY—*Injunction—Power of Judge to Grant.* Where it appears that the rights of adverse claimants have been adjudicated by the land department, and the homestead entry of the successful party remains intact, a temporary injunction may be granted to such homestead entryman by the judge of the district court, at any time after the petition is filed and summons issued, restraining and enjoining the unsuccessful contestants from interfering with the occupancy and possession of said land.

2. SAME—*Pleadings—Verification.* The provisions of section 251 of our Civil Code of Procedure, under which a temporary order of injunction may be granted upon a satisfactory showing to the court or

judge, upon the affidavit of the plaintiff or his agent, that he is entitled to such an order, do not preclude the judge or court from granting such an order without the verification of the petition, or an affidavit in support of the application, if, from the pleadings or other evidence, it is satisfactorily shown to the court or judge that the plaintiff is clearly entitled to the relief prayed for.

3. LAND CONTEST—*Action for Possession.* When a motion for review in a contest proceeding before the department of the interior has been overruled and denied, and the unsuccessful contestants have had notice of such action, the successful homestead entryman may then institute an action against the unsuccessful contestants for the possession of said premises, notwithstanding the unsuccessful contestants have made an application to the secretary of the interior to exercise his supervisory powers in respect to the disposal of the land in dispute.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*George S. Green* and *Herod & Widmer*, for plaintiffs in error.

*Dale & Bierer*, for defendant in error.

STATEMENT OF FACTS.

Action by Samuel G. Garrett against Marinda O. Cox and Albert L. Ayers. Judgment for plaintiff. Defendants bring error. Affirmed.

This was an action for a mandatory injunction, filed by Samuel G. Garrett, against the plaintiffs in error, in the district court of Logan county, on December 11, 1897. The plaintiff averred in his petition that on September 22, 1891, he made homestead settlement upon the S. W. ¼ of section 18, township 17 N., of range 1 E.; that immediately thereafter he made homestead entry upon said tract of land; that thereafter the defendants instituted contests against the plaintiff, alleging prior settlement; that said contests had been finally adjudicated in favor

of the plaintiff and against the defendants by the secretary of the interior. A copy of the decision of the secretary denying the motion for review on September 22, 1897, was attached to and made a part of the petition. The plaintiff further averred that the defendants were in possession of part of said tract of land, and that they refused to vacate and surrender the same, although requested so to do. The petition further averred that the plaintiff had no adequate remedy at law: The petition was not verified. On January 10, 1898, the defendant Marinda O. Cox filed her separate answer, in which she alleged, in substance: First, that the petition of the plaintiff does not state facts sufficient to constitute a cause of action against her; second, that contest proceedings were still pending before the secretary of the interior; third, that the plaintiff was not a qualified homestead entryman, for the reason that he had entered Oklahoma within the prohibited period.

On February 2, 1898, the plaintiff filed a supplemental petition, to which he attached a still later decision of the secretary of the interior, dated January 17, 1898, denying the motions for rehearing filed by the defendants involving the above tract of land. On January 25, 1898, Garrett was notified by the register and receiver of the local land office at Guthrie, Oklahoma, that the secretary of the interior had denied Ayers' motion for review and rehearing, and the case was therefore closed, and that his entry remained intact. On January 27, 1898, Garrett served notice upon the defendants to vacate and surrender the lands occupied by them and to remove all their improvements therefrom. On February 1, 1898, Garrett served notice on the defendants that the application for a temporary mandatory injunction would be

heard by the judge of the district court on February 2, 1898, between the hours of 9 o'clock A. M. and 6 o'clock P. M., in the city of Guthrie. On February 2, 1898, the defendant Ayers filed a motion and affidavit objecting to the jurisdiction of the court on the ground that the contest proceeding was still pending before the department of the interior; that he had filed a motion or petition for the exercise of the supervisory authority by the secretary of the interior, which motion or petition was made a part of said affidavit. On February 3, 1898, defendant Ayers filed a motion, appearing specially, and objected to the jurisdiction of the court and the judge thereof, upon the following grounds: First, that the contest was still pending before the department of the interior; second, that the judge of the court has no jurisdiction to make any order as prayed for at chambers; third, that the pleadings of the plaintiff in the action were not verified; fourth, that the plaintiff had given no bond as provided by statute; and fifth, that the court or judge had no power to grant the relief asked. On the same day the defendant Marinda O. Cox filed her separate answer and affidavit, setting up, in substance, the same defense. On the 4th day of February, 1898, the case was heard at chambers upon the petition and supplemental petition, and the exhibits of the plaintiff, and the affidavits, motions, and exhibits of the defendant Ayers, together with the affidavits, motions, and separate answer of the defendants, Marinda O. Cox, and the judge of said court, after a full hearing, and being sufficiently advised in the premises, made the following order:

"The petitioner, Samuel G. Garrett, is entitled to the possession of the premises set out in the plaintiff's petition. It is therefore considered, ordered, and decreed

that upon the filing of a bond by Samuel G. Garrett in the sum of one hundred dollars, to be approved by the clerk of the district court, that the said defendants, Marinda O. Cox and Albert L. Ayers, be, and they are hereby, ordered to vacate and surrender the possession of the southwest one-fourth of section eighteen, in township seventeen north, of range one east, to the petitioner, Samuel G. Garrett, and that they, and each of them, have sixty days in which to move from said premises their improvements, and they, and each of them, from said date (April 4, 1898,) are hereby restrained and enjoined from in any way entering upon or in any way interfering with the possession of the said Samuel G. Garrett in his ownership and control of said lands."

From this order the defendants appealed to this court.

Opinion of the court by

HAINER, J.: The first error assigned and argued by the plaintiffs in error is that the judge had no power to make the order of injunction at chambers. It is contended that the order of injunction was a final and perpetual mandatory order. We do not think the terms of this order admit of such a construction. The order clearly shows that it is not a final order or judgment of the court in the action. It is true that the judge at chambers could not render a final judgment in an action, but it does not appear from the record that a final judgment had been rendered. And, inasmuch as no final judgment had been rendered, it must follow that the order was intended, and was in fact, only a temporary order of mandatory injunction. While the order is as broad and effective in its terms and operation, so far as the possessory rights of the parties are involved, as the final order may be, we know of no principle of law which would prevent the judge from making such an

order at chambers. A temporary order of injunction may be as broad and effective, during the period that it is in force, as a final or perpetual order of the court. Upon a final hearing of the cause the court may make the temporary order a final and perpetual order, or the temporary order may be modified, or wholly dissolved.

Again, it is contended that, while a court may have the power to make such an order, this power does not extend to a judge at chambers. We do not think this position is tenable under the provisions of our statute. Section 251 of our Civil Code of Procedure provides:

"The injunction may be granted at the commencement of the action, or at any time afterwards, before judgment by the district court, or the judge thereof, or, in his absence from the county, by the probate judge, upon its satisfactorily appearing to the court or judge, by the affidavit of the plaintiff, or his agent, that the plaintiff is entitled thereto."

Section 57 of our Civil Code of Procedure provides:

"A civil action may be commenced in a court of record, by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

Under these two sections a temporary injunction may be granted by the judge of the district court at any time after the petition is filed and a summons issued. Under our Civil Code, and the rulings of our supreme court in regard to the granting of mandatory injunctions, we know no reason why the judge could not make this order, when the facts clearly warranted such action. The authority of the court to grant such an order rests upon well-settled principles of equity jurisprudence. The power to grant an order of mandatory injunction at chambers is ably discussed in the case of *Toledo, A. A. &*

*N. M. R'y. Co. v. Pennsylvania Co.*, 54 Fed. 746, in which Judge Ricks says:

"It is said the orders issued in this case are without precedent. Every just order or rule known to equity courts was born of some emergency, to meet some new conditions, and was, therefore, in its time, without precedent. If based on sound principles, and beneficent results follow their enforcement, affording necessary relief to the one party without imposing illegal burdens on the other, new remedies and unprecedented orders are not unwelcome aids to the chancellor to meet the constantly varying demands for equitable relief. Mr. Justice Brewer, sitting in the circuit court for Nebraska, said: 'I believe most thoroughly that the powers of a court of equity are as vast, and its processes and procedure as elastic as all the changing emergencies of increasingly complex business relations and the protection of rights can demand.' "

In the case of *Beadel v. Perry*, L. R. 3 Eq. 465, where a mandatory injunction was granted upon motion, the learned judge said:   "Reference has been made to a supposed rule of court that mandatory injunction cannot properly be made except at the hearing of the cause. I never heard of such a rule.   Lord Cottenham was, so far as I know, the first judge who proceeded by way of mandatory injunction, and he took great care to see that the party applying was entitled to relief in that shape."

The second contention by the plaintiffs in error is that the order should not have been granted by the judge because the petition and supplemental petition were not verified, and that there was no evidence offered by the plaintiff to support his petition upon which an order could be granted.   It is true that the record in this case shows that the petition and supplemental petition were not verified.   But our statute nowhere requires the peti-

tion to be verified.   The provisions of section 251, under which a temporary injunction may be granted, upon a satisfactory showing to the court, or judge thereof, by the affidavit of the plaintiff, or his agent, that he is entitled to such an order, do not preclude the judge or court from granting such an order without the verifications of the petition, or an affidavit in support of the application, if from the pleadings or other evidence it is satisfactorily shown to the judge or court that he is clearly entitled to the relief prayed for.    While the statute authorizes the use of an affidavit, and such is the usual practice, in support of the petition, or application for a temporary injunction, it does not contemplate that other evidence cannot be considered upon the hearing of such petition or application.   The language of the statute is, "Upon its appearing satisfactorily to the court, or judge, upon the affidavit of the plaintiff or his agent," a temporary injunction may be granted.   This may satisfactorily appear to the court or judge upon the pleadings filed in the case or the admissions of the parties.   As in this case it was shown satisfactorily to the judge upon the petition and suplemental petition of the plaintiff, and the affidavits and motions filed, together with the exhibits and the answer of the defendant Marinda O. Cox, that the plaintiff was clearly entitled to the relief prayed for.   This case comes clearly within the principles announced by this court in the following cases: *Reaves v. Oliver*, 3 Okl. 62, 41 Pac. 353; *Woodruff v. Wallace*, 3 Okl. 355, 41 Pac. 357; *Barnes v. Newton*, 5 Okl. 428, 48 Pac. 190.   In these cases the law is settled in this Territory that the courts have the power to deal with the possession of land prior to the issuing of patent, and to protect the possessory rights of those entitled to the same under the

laws relating to public lands; that mandatory injunction is a proper remedy to protect the possession of one having a valid homestead entry against persons who are trespassing on the land, and, when a final decision is had in favor of one of the contestants before the department of the interior, the successful party may institute an action in the district court for an injunction to restrain and enjoin the unsuccessful party or parties from further interfering with his possession of the premises, and in such a proceeding the court may properly award an injunction which restrains the unsuccessful party or parties in the contest proceedings from the further occupancy of the disputed premises.

The next contention of the plaintiffs in error is that the controversy between the parties for the land is still pending in the interior department. This contention is not supported by the record. The record in this case shows that the final decision of the secretary of the interior in favor of the plaintiff and against the defendants was made on August 28, 1896. The defendants then filed a motion for review, which motion was overruled and denied by the secretary of the interior on the 22d day of September, 1896, and the case ordered closed, and notice given by the register and receiver to the defendants that their contests were dismissed, and that the entry of Garrett remained intact. Notwithstanding this motion for review was overruled and denied by the secretary of the interior, the defendants filed another motion or application for a rehearing, which was again overruled and denied by the secretary of the interior on the 17th day of January, 1898. In overruling and denying this last motion or application, the secretary of the interior said: "On September 22, 1897, this case was re-

viewed, and the land in controversy awarded to Garrett. (25 Land Dec. Dep. Int. 273.) There were two questions in the case as then presented, namely: First, a question of priority of settlement; and, second, a question of Garrett's qualifications to enter the land, it being alleged that he was a 'sooner.' It was held that the evidence showed that all of the parties to the controversy went on the land at the same instant of time, and that, Garrett having an entry of record, it would be held intact if he was not disqualified. Although the charge of disqualification had been waived at the hearing, considerable evidence was introduced on that question, and the record was carefully examined, and it was held that Garrett's disqualification was not shown.    The present motion presents nothing new, the showing being wholly cumulative on the two issues heretofore presented."

The record in this case further shows that on February 1, 1898, the defendants filed another motion or application, asking the secretary of the interior to exercise the supervisory authority conferred upon him, and to review and reconsider his former decisions. Based upon this application or petition, plaintiffs in error contend that the case is still pending in the department of the interior between the parties. It is true that the supervisory authority of the secretary of the interior may be exercised in the disposal of the public lands until the title passes from the United States to the rightful homestead claimant, or until the issuance of patent therefor; but it does not follow, because such supervisory power is vested in the secretary, that it can be said that the contest is still pending between the parties in the land tribunal. We are of the opinion that when the motions for review and rehearing, as in this case, have been over-

ruled and denied by the secretary of the interior, then the contest proceedings between the parties before the land tribunal are terminated. The rights of the parties are then established to the extent that this court will take jurisdiction of the subject-matter, and determine the possessory rights of the successful party. We are not willing to lay down the rule in this Territory that, because such a motion or application is still pending before the department of the interior the successful homestead entryman may not institute an action for mandatory injunction until the final disposal of such application or petition. We think the better rule to adopt in respect to these proceedings is that, when a motion for review before the department of the interior is overruled and denied, and the unsuccessful parties have had notice of such action, the successful homestead entryman may then institute an action against the unsuccessful parties for the possession of said premises, notwithstanding the unsuccessful parties have made an application to the secretary of the interior to exercise his supervisory powers in respect to the disposal of the land in dispute.

Our conclusions in this case are that the judge of the district court had the right to grant the temporary order of injunction at chambers; that, notwithstanding the petition and supplemental petition were not verified, the evidence was sufficient to grant such an order; and that the judge had jurisdiction to hear and determine said cause. The order of the district court was right, and it is therefore affirmed.

McAtee, J., dissenting; all of the other Justices concurring.