## C. A. CALHOUN V. JAMES M. McCORNACK.

### (Filed July 30, 1898.)

1. MANDATORY INJUNCTION—*Proper Proceeding, When.* It has now become the settled law of this Territory that mandatory injunction is a proper proceeding to prevent one whose homestead entry on pub... land has been canceled from interfering with or disturbing the possession of the entryman while the title to the land is in the United States.

2. HOMESTEAD—*Entry Canceled—Occupying Claimant.* One whose only claim to public land was a homestead entry which has been canceled for fraud cannot claim the rights of an occupying claimant, in order to enforce payment for improvements made on such land during the time his homestead entry was intact.

   (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, District Judge.*

*J. Milton,* for plaintiff in error.

*Charles W. Ransom,* for defendant in error.

Suit by James M. McCornack against C. A. Calhoun. Judgment for plaintiff, and defendant brings error. Affirmed.

Opinion of the court by

BURFORD, C. J. This is an appeal from a judgment of the district court granting an injunction mandatory in effect and denying the plaintiff in error the benefit of the occupying claimant's act. The facts are, briefly, that Calhoun made homestead entry of certain public lands in Oklahoma county on the 23d day of April, 1889, and on the 27th day of May, 1889, McCornack filed a contest against Calhoun's entry, alleging that Calhoun was disqualified to make entry of said land for the reason

that he had violated the provisions of the act of congress opening the Oklahoma country to settlement, by going into said country during the prohibited period. This contest was tried in the local land office, and decided adversely to Calhoun. Appeals were successively taken to the commissioner of the general land office and to the secretary of the interior, and in each case decided in favor of McCornack. Upon the final decision the entry of Calhoun was canceled, and McCornack allowed the preference right of entry. Within the time allowed, McCornack made his application to enter the lands in dispute, together with lot 10 of said tract, which, while embraced in the original entry of Calhoun, had been relinquished by direction of the land department officials, requiring him to relinquish because of the fact that said lot 10 was separated from the remainder of the tract by the North Canadian river, which was at that time held to be a meandered stream. This application of McCornack's was rejected by reason of the fact that it embraced lot 10. From this action rejecting his application to enter, McCornack appealed. During the time Calhoun's entry was intact, McCornack went upon the land and established residence, and continued to reside thereon until the bringing of this action. At the time this suit was brought, Calhoun was living upon the tract in controversy, and had thereon improvements worth several hundred dollars. McCornack was also residing upon the tract, and claiming the rights of a settler, and also the preference right awarded him as the successful contestant, as well as under his rejected application to make homestead entry. On the trial of this cause in the district court, the court awarded McCornack the possession of the entire tract, and enjoined Calhoun from tres-

passing on the land, or from interfering with McCornack in the peaceable possession of the land, and denied Calhoun the rights of an occupying claimant.

It is contended by plaintiff in error that the court erred in holding that the status of McCornack was such as to entitle him to possession of this land; that he was neither an entryman, nor was he entitled to claim a settlement right, having made his settlement while the land was covered by Calhoun's entry. It is true that one can acquire no rights as a settler on public land covered by the homestead entry of another, but it is a well settled rule that while a settler acquires no rights, as such, upon land segregated by a homestead entry while the entry remains intact, yet the moment such entry is canceled the rigths of a settler upon the land attach *eo instanti*, and are good as against all persons not showing a superior right, provided the settler follows up such settlement by an application to enter the land at the proper land office within the time allowed by law. This was done by McCornack, and as against Calhoun he became entitled to the peaceable and undisputed possession of the land described in the petition in this cause.

Calhoun further contends that, because he made his improvements while the land was covered by his homestead entry, he was entitled in this cause to the rights of an occupying claimant. The only claim he ever had or held to this land was by virtue of his settlement and homestead entry, and the title was at all times in the United States, and not in controversy. The question of the rights of such a claimant under the occupying claimant's act of this Territory, and under the act of congress of June 1, 1874, were fully considered by this court in the case of *Woodruff v. Wallace*, 3 Okl. 355, 41 Pac. 357, and

determined adversely to the contention of plaintiff in error, and we re-affirm the doctrine therein announced.

The question as to whether injunction is a proper proceeding to prevent one whose homestead entry had been .anceled from further disturbing the possession of the entryman while the title is in the United States is no longer an open one in this Territory. The law applicable to such cases has been laid down in the cases of *Sproat v. Durland,* 2 Okl. 24, 35 Pac. 682, 886; *Reaves v. Oliver,* 3 Okl. 62, 41 Pac. 353; *Woodruff v. Wallace,* 3 Okl. 355, 41 Pac. 357; *Radebaugh v. Wolf,* 5 Okl. 147, 47 Pac. 1101; *Barnes v. Newton,* 5 Okl. 428, 48 Pac. 190; and the rule of *stare decisis* should now be invoked in support of the doctrine enunciated in those cases.

We find no prejudicial error in the record. The judgment of the district court is affirmed, at the costs of plaintiff in error.

McAtee, J., dissenting; all of the other Justices concurring.