## John R. Glover v. Benjamin T. Swartz.

(Filed Aug. 25, 1899.)

1. Public Lands—*Homestead Entry — Contest — Occupying Claimant.* One who is in good faith contesting a homestead entry on the grounds of prior settlement, and residing upon the land in controversy, will be permitted to continue to occupy the land until such time as the land department shall finally dispose of such contest, and determine which of the adverse cla'mants has the superior right to the land. The courts will then give effect to such decision by protecting the successful claimant in the exclusive possession of the land as against the defeated claimant.

2. Same—*Contest—Rights of Parties to Occupancy.* A contest to cancel a homestead entry upon the ground of abandonment is a contest for a preference right of entry after the existing entry has been canceled, and one contest'ng for a preference right is not entitled to reside upon or occupy any portion of the land in controversy, as against the entryman, unt l after he shall have procured the cancellation of the contested entry.

3. Injunction—*Homestead Contest—Remedy.* A contestant for a preference right who attempts to occupy or reside upon the disputed tract against the will or without the consent of the entryman is a trespasser, and mandatory injunction is the proper remedy to restore possession to the entryman.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*Ransom & Bailey* for plaintiff in error.

*C. L. Swartz,* for defendant in error.

### STATEMENT OF THE CASE.

On September 26, 1893, Benjamin F. Swartz made homestead entry of a tract of land in Kay county, Okla-

homa. On October 6, 1893, John B. Glover filed a contest against the entry of Swartz, on the grounds of prior settlement. This contest was before the several branches of the land department until December 15, 1896, when the secretary of the interior rendered his final decision in favor of Swartz, and dismissing the contest of Glover. Glover then filed a motion for a review of the decision of the secretary, and also on January 6, 1897, filed a second contest against Swartz, in which he charged abandonment and failure to reside upon the land. On May 18, 1897, the motion for review of decision in first contest was overruled, and case finally closed before the department. The second contest was still pending at time of trial. On August 13, 1897, Swartz brought this action to restrain the defendant, Glover, from further trespassing upon the land and interfering with his possession. It was alleged that Glover had been for a long time living on, and still continued to reside upon, cultivate, and use, said land, against the will of Swartz, and that he refused to vacate said land. The defense pleaded was a general denial, and the pendency of the second contest. The cause was tried to the court, and judgment rendered for Swartz, and a decree entered enjoining Glover from occupying the land, and requiring him to surrender possession. From this judgment Glover appeals. Affirmed.

Opinion of the court by

BURFORD, C. J.: The questions presented by the record in this case have been settled by this court in numerous decisions. One who is in good faith contesting a homestead entry upon the grounds of prior settlement, and is residing upon the land

in controversy, will be permitted to continue to occupy the land in controversy until the land department shall finally determine which of the claimants has the superior right to the land. The courts will then give effect to such decision by requiring the unsuccessful or defeated claimant to surrender possession of the land to the one to whom the land department has awarded it. But a contest for abandonment is a contest for a preference right of entry, and does not entitle the contestant, as against entryman, to possession of any portion of the land until after he shall have procured the cancellation of the entry he is contesting, and secured an entry upon the land in his own name. And in such a case it can make no difference that the contestant may have been an unsuccessful contestant as a prior settler. His right to possession as a claimant by reason of prior settlement was terminated when the department finally dismissed his contest for such right, and his second contest for a preference right can restore him to no rights as a settler as against the entryman, until after he is awarded an entry under his preference right.

Mandatory injunction is a proper and appropriate remedy to enforce the rights of an entryman upon public lands as against a trespasser, and one who occupies public land against the will and over the protest of one having a homestead entry upon such land is a trespasser (*Reaves v. Oliver*, 3 Okla. 62, 41 Pac. 353; *Woodruff Wallace*, 3 Okla. 355, 41 Pac. 357; *Barnes v. Newton*, 5 Okla. 428, 48 Pac. 190, and 49 Pac. 1074; *Sproat v. Durland*, Okla. 24, 35 Pac. 682, 886; *Potts v. Hollon*, 6 Okla. 696, 5 Pac. 917; *Cox v. Garrett*, 7 Okla. 375, 54 Pac. 546.)

The judgment rendered by the trial court was clearly right in this case, and, while there may have been some irregularities, the trial was to the court, and upon the whole record the judgment is correct. A party can only be heard to complain of prejudicial error, and we find none in the record. Judgment affirmed at costs of plaintiff in error.

McAtee, J., not sitting; all of the other Justices concurring.