JOHN H. McDONALD v. MICHAEL BRADY.

(Filed Feb. 8, 1900.)

1. MANDATORY INJUNCTION—*Contest—Prevailing Party—Rights of.* Where adverse parties are residing upon a tract of public land, and each claiming priority of settlement, and the entry of the contestee is canceled by the land department, and the contestant allowed to make homestead entry thereof, the latter entryman is entitled to the full and undisturbed possession of such tract as against the unsuccessful contestee, and mandatory injunction is a proper remedy to enforce the rights of the entryman.

2. JUDGMENT—*Land Tribunal—Successful Party—Relief Granted.* Where the court is satisfied of the correctness of the rulings of the land department and renders its judgment to give effect to the same, it will not stultify itself or compromise its judgment by withholding from the successful party a portion of the relief to which he is entitled, in order to enable the unsuccessful party to wage some future independent action to test the correctness of its conclusions and judgment.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Harris & Gum,* for plaintiff in error.

*Ransom & Bailey,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: In this case Brady was a contestant against McDonald for a tract of government land in Kay county.    Brady prevailed in the contest proceedings, and was allowed by the land department to make homestead entry of the tract.    The rights of the adverse claimants were finally determined in the departments, and the case finally closed.    McDonald, the defeated claimant, was in possession, and refused to vacate or surrender possession.    Brady brought suit to enjoin him from further occupying said tract.    The defendant answered that he desired, after the issue of patent to Brady, to bring an action in the courts to have reviewed and determined the questions of law decided by the department officials; that he claimed a vested right by reason of his settlement upon and improvement of the land, and that if he was compelled to surrender possession he would forfeit such vested right, and be in no position to urge his suit in equity to declare a resulting trust after the issue of patent to Brady; or that Brady could relinquish his homestead entry without acquiring title, and thus defeat McDonald in his right to wage a suit after patent had issued as a subsequent entryman would be without notice of equities.

The cause was tried to the court, and a permanent injunction granted, restraining McDonald from further oc-

cupying the land in dispute, and allowing him to remove his crops and improvements.

McDonald appeals from this judgment, and in this court still insists on his right to remain on the land in order to preserve some possible future remedy he may intend to invoke.

The questions here presented have all been passed on by this court, and it is well settled, by numerous decisions, that after a contestant of a homestead entry has defeated the entryman, and has been allowed to make a homestead entry, and the proceedings are finally determined in the land department, such new entryman is then entitled to the undisturbed possession as against the defeated entryman, whose entry has been cancelled, and that mandatory injunction is a proper remedy to enforce such right.

It was held by this court in case of *Black v. Jackson*, 52 Pac. 406, 6 Okla. 751, that the unsuccessful claimant to a tract of public land was not entitled to continue his residence on the land for the purpose of bringing suit in equity to declare a trust against the successful claimant, when he had already remained on the land a sufficient length of time to enable him to make final proof.

Notwithstanding the reasons given for the above rule, we are of the opinion that it is the duty of the courts to give full effect to the decisions of the land department, as long as they stand unimpeached. To permit McDonald to remain upon and use any portion of this tract, is to deny to Brady that which the laws of the United States entitle him to.

When a court has once determined the law of a case and rendered its judgment thereon, it is its duty to en-

force and protect all the rights to which such judgment entitles the prevailing party. That the defeated party may by some subsequent action, or condition, be entitled to some further or additional remedy, is no grounds for the court compromising the rights of the prevailing party by making its judgment non-effective. We have no doubt but the decision of the land department and its construction of the law in this case is right and correct. And to withhold from Brady a portion of his rights, in order to enable McDonald to, at some future time, in some independent action, test the correctness of its decision and judgment, is for the court to stultify itself, and cast discredit on its own decisions.

The judgment of the district court is fully supported by the repeated decisions of this court, and the answer failed to set up any tenable defense.

The judgment of the district court is affirmed at the costs of plaintiff in error, McDonald.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.