## HENRY BROWN v. CHARLES C. HARTSHORN.

### (Filed July 18, 1902.)

1. **FORCIBLE ENTRY AND DETAINER—Title Cannot be Litigated.** In actions of forcible entry and detainer, or forcible detainer, the title to real estate cannot be put in issue or litigated. The right to possession is the only issue that can be determined, and on appeal to the district court, the jurisdiction is appellate, and not original, and only such issues as are within the jurisdiction of a justice of the peace can be litigated or determined.

2. **SAME—Right of Possession Only Litigated—Evidence of Title May be Introduced, When.** The thing in dispute in actions of forcible detainer and forcible entry and detainer, is not the title to the real estate, nor the right to acquire title, but the mere right to its possession. If the title or right to title becomes involved, it is as an incident only, and not as the main subject of the controversy. Title and evidences of title may be introduced in evidence, and considered on trial of such causes, for the purpose of determining the claim to the right of possession.

3. **SAME—Public Lands—Proper Remedy to Dispossess Defeated Claimant.** Where two parties have been claimants to a tract of public land, and the adverse claims have been finally disposed of in the land department, and the successful claimant has made his homestead entry, such entryman is then entitled to the undisturbed possession of the land as against the defeated claimant, and the courts will inquire into the possessory rights sufficiently to give effect to the decisions of the land department until the title has passed from the United States, and forcible detainer is a proper remedy to obtain possession where the defeated claimant refuses to surrender possession, and forcibly detains the same.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Pancoast & Bowles,* for plaintiff in error.

No briefs filed for defendant in error.

Opinion of the court by

BURFORD, C. J.:  The defendant in error, Charles C.. Hartshorn, brought his action before a justice of the peace in. Kay county, against the plaintiff in error, Henry Brown,. to recover possession of certain real estate, which he alleged' the said Brown unlawfully, forcibly and wrongfully occupied and detained from him.  The bill of particulars alleged ownership in the plaintiff, but the action was purely one in forcible detainer for possession.  Brown filed a general denial, and also in a lengthy answer alleged that the real estate was public land and that both he and the plaintiff were claiming it as a homestead.  It appears from this answer that the right to the land has been the subject of controversy between the parties to this action before all the tribunals of the land department, and finally determined and disposed of by the secretary of the interior, and that at the time of bringing this action, Hartshorn had the homestead entry, and was living upon and occupying all of the quarter section, except about five acres; that Brown was occupying this five acres, and refused to vacate it after proper notice.

After trial and judgment before the justice of the peace, the cause was appealed to the district court, and there tried to the court without a .jury, and judgment rendered in favor of Hartshorn, the plaintiff below.  From this judgment Brown appeals to this court.

The contention of plaintiff in error is that the officers of the land department who determined the issues adversely to him in the contest case, misconstrued the law, and committed errors of law by reason of which he was wrongfully deprived of his right to acquire title to said land, and that as it.

is his purpose to bring an action to have a resulting trust declared as soon as Hartshorn procures a patent, that he should be permitted to occupy a portion of the land until he can bring such action.

It has been repeatedly held that the action of forcible detainer, as provided by our statute, is purely a possessory action, and that questions of title or right to title cannot be determined in such actions. If title is involved, it is only as an incident, and may be inquired into for the purpose of determining who has the right to possession. (*McDonald v. Stiles,* 7 Okla. 327, 54 Pac. 487; *Armour Packing Co. v. Howe,* 62 Kan. 587, 64 Pac. 42; *McClain v. Jones,* 60 Kan. 639, 57 Pac. 500; *Conaway v. Gore,* 27 Kan. 122; *McNamorn v. Culver,* 22 Kan. 661.)

The only issue the court could determine in this case was whether the plaintiff, Hartshorn, was entitled to the possession of the land in controversy at the time of bringing his action, and whether the defendant, Brown, forcibly kept him out of possession. It was admitted that Hartshorn had the homestead entry; that the land department had finally disposed of the contest before its tribunals; that Brown was forcibly withholding from Hartshorn the possession of about five acres of the tract in dispute. Under these facts, we think the court committed no error in rendering judgment of restitution.

This court has repeatedly held that where two parties have been claimants to a tract of public land and the adverse claims have been finally disposed of in the land department, and the successful claimant has been permitted to make homestead entry, such entryman then becomes entitled to the undis-

.turbed possession of the tract as against the unsuccessful claimant, and such. unsuccessful claimant by refusing to vacate the land, and continuing to occupy the same, becomes a trespasser, and his possession is wrongful, and the courts will give effect to the decisions of the land department, so long as title is in the United tSates. (*Woodruff v. Wallace,* 3 Okla. 355, 41 Pac. 357; *Reaves v. Oliver,* 3 Okla. 62, 21 Pac. 353; *Barnes v. Newton,* 5 Okla. 428, 48 Pac. 190; *Cox v. Garrett,* 7 Okla. 375, 54 Pac. 546; *Calhoun v. McCormack,* 7 Okla. 347, 54 Pac. 493; *Glover v. Schwartz,* 8 Okla. 642, 58 Pac. 943; *McDonald v. Brady,* 9 Okla. 660; 60 Pac. 509; *Barnett v. Rugle,* 9 Okla. 635, 60 Pac. 243.)

We see no reason why one who has been determined by the proper tribunal rightfully entitled to the possession of a tract of public land should be forcibly kept out of possession. by one who proposes at some future time to wage a suit against him to determine the correctness of such determination.

Forcible detainer was the proper remedy in this action to determine the right to immediate possession. Nothing else was involved and no other questions could be determined. The answer and the evidence offered in support of the answer attempted to put in issue and have determined the right to the title, which could not be done in a purely possessory action.

The question argued by counsel as to the qualifications of Brown to make homestead entry cannot be determined in this action.

No error was committed by the district court of which

the plaintiff in error can complain, and the judgment is affirmed, at the costs of plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.