ALBERT   BILYEU AND LENNIE M.   BILYEU v.   ELIJAH P.
PILCHER.

(Filed September 7, 1905.)

1. **RES JUDICATA—Proceedings in Justice Court no Bar to Subsequent Action, When.** Where in an action before a justice of the peace after verdict of the jury is returned in favor of the plaintiff the justice permits the plaintiff to dismiss his action without prejudice to a future action, and adjudges the costs to the plaintiff, and no appeal is taken from such judgment, such proceeding is no bar to a future action by the plaintiff for the same cause.

2. **PUBLIC LANDS—Unlawful Detainer—Statute of Limitations.** One having a homestead entry upon lands in this Territory under the land laws of the United States is entitled to the possession of the land covered by his filing until his entry is cancelled in a proper proceeding for that purpose, and no right of action accrues to a successful contestant for unlawful detainer of the land until the homestead entry is cancelled; and the time limited by the statutes within which such action may be brought, does not commence to run until the date upon which the right to commence the action accrued.

3. **SAME—Right of Possession.** One contesting for a preference right has no right to the possession of the land pending the litigation, as against the homestead entryman.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*C. W. Ransom,* for plaintiffs in error.

*W. S. Cline* and *Claude Duval,* for defendant in error.

Opinion of the court by

BEAUCHAMP, J.:   This is an action for forcible and unlawful detainer, to recover the possession of the west half

of the northeast quarter of section 34, township 27, north of range 3, east Indian Meridian, Kay county.

The facts so far as necessary for the purposes of this case are: On November 15, 1893, the defendant in error made a homestead filing for the entire northeast quarter of said section 34, and relinquished the west one-half on February 28, 1896, when C. O. Smock made homestead filing thereon. June 19, 1898, Smock relinquished, and Lennie M. Harris, (now Bilyeu) one of the plaintiffs in error made homestead entry. The defendant in error commenced contest proceedings against the entry of plaintiff in error, Lennie M. Bilyeu, charging fraud and duress in the procurement of his relinquishment, which contest was finally determined on July 17, 1901, and Lennie Bilyeu's entry cancelled and Pilcher's entry reinstated.

Albert Bilyeu and Leunie M. Bilyeu, plaintiffs in error are husband and wife.

At the time of the trial of this action in the district court, Albert Bilyeu had a contest pending against the defendant in error, on the grounds that defendant in error had alienated the land before filing proof.

On the 28th day of February, 1902, the defendant in error commenced an action in the justice court against the plaintiffs in error for the unlawful and forcible detainer of the land in question, which case was heard before a jury, and the jury returned a verdict in favor of the defendant in error; and after the verdict was returned defendant in error dismissed the action without prejudice.

This action was commenced March 24, 1902, in the justice court, and in that court resulted in a judgment for the

defendant in error. Appeal was taken to the district court of Kay county, and the trial in that court also resulted in a judgment in favor of the defendant in error. Motion for a new trial was heard and overruled. Exceptions saved, and plaintiffs in error bring the case here by petition in error and case made.

It is contended by counsel for plaintiffs in error: First;

"That the former proceedings before the justice of peace is a bar to this action."

As disclosed by the docket of the justice of the peace, the defendant in error dismissed the cause without prejudice and at his costs, and the justice rendered a judgment against him for the costs. There was no objection or exception to this proceeding, and no appeal was taken from that judgment.

The judgment speaks for itself, and by its express terms permitted the defendant in error to dismiss the case without prejudice to a future action. And whether the action of the justice in permitting the defendant in error to dismiss his action without prejudice was error or not, he was permitted to do so, and that judgment was final.

The authorities cited by counsel for plaintiff in error wherein it is held that it was error to permit the plaintiff to dismiss his action without prejudice after the final submission of the cause to the jury or court are not in point here. That case was dismissed by the justice on application of the plaintiff without prejudice to a future action. And we are not now inquiring as to the correctness of the ruling of the justice in that case.

The ruling of the court, that the proceedings had in that case were not a bar to the right of the plaintiff to maintain this action, was not error.

It is next contended by counsel for plaintiff in error that the "statute of limitation had run against this cause of action, as the contest issues were for fraud only; or, if it be held that such contest or fraud, operates to prevent the running of the statute, then, the tendency of the present contest on the same grounds renders this action premature."

Mrs. Bilyeu had a homestead filing upon the land in question, which remained intact until it was cancelled by the decision of the land department of July 17, 1901. And while such entry remained intact she was entitled to the possession. *Reaves et al v. Oliver*, 3 Okla. 62; *Woodruff v. Wallace, Id.* 355.

And no right of action accrued to the defendant in error until that date.

The statute of limitation did not commence to run until a right of action accrued.

This action was commenced in less than one year from that time, and was not barred by the statutes of limitation. And the fact that Albert Bilyeu had a contest pending at the time this action was tried in the district court for a cancellation of this entry and for a preference right, gave him no right to the possession of the land as against the defendant in error, whose homestead entry then remained intact.

The defendant in error has the right of possession until his filing is cancelled in a proper proceeding for that purpose. *Reaves v. Oliver, supra.*

.This disposes of all the questions relied on and argued by counsel for plaintiffs in error in their brief; and finding no error in the proceedings in the trial court, the judgment of the district court of Kay county is affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.