Hon. D. M. VALENTINE,  } Associate Justices.
Hon. D. J. BREWER,

KANSAS PAC. RY. CO. *v.* ROBERT McBRATNEY.

July Term, 1873.

1. **Ejectment: Equitable Title.** Under the Code an equitable title to real estate may be sufficient to sustain an action to recover the possession.[1]

2. ——: **Petition: Sufficient Statement.** In a petition in such action it is unnecessary to state how the plaintiff's estate or ownership is derived. It is sufficient to allege that he has a legal or equitable estate.

3. **Judgment: Effect: Parties.** A judgment for possession of real estate against a party not in possession, and who holds only a naked legal title, does not affect the rights of one not a party to the action, who has possession and the full equitable title.

[4. **Ejectment: Disclaimer.** A disclaimer under section 587 of the Code is not to be treated as raising any issue for trial, or interposing any objection to the granting of the relief prayed for, but as simply asking to be relieved from all costs.]

---

[1] In this state the plaintiff in ejectment must recover upon the strength of his own title. The plaintiff in ejectment is not required to have the legal title, or all the title, or a title paramount to the title of all others, in order to enable him to recover. All that is necessary to enable him to recover is that he shall have some kind of estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant. Atchison, T. & S. F. R. Co. v. Rockwood, 25 Kan. 302; Same v. Procht, 30 Kan. 66; S. C. 1 Pac. Rep. 319; O'Brien v. Wetherell, 14 Kan. 622. What plaintiff must show. Beckman v. Richardson, 28 Kan. 648.

Error from Leavenworth district court.

This is a motion for a rehearing of the case reported in 10 Kan. *415. The petition below alleged that the plaintiff "has an equitable estate therein, [certain lands,] and is entitled to the possession of said lands, and that the defendant unlawfully keeps him out of the possession thereof." The answer contained two paragraphs. The first was as follows: "This defendant disclaims any and all right, title, interest, and possession of the premises, piece, and parcel of land in the petition mentioned and described." The second alleged substantially a transfer by defendant of all interest in the land in 1865 to Shoemaker & Co., a sale by Shoemaker & Co. in 1867 to John P. Usher, and that the latter ever since and still held *both possession and title. To this answer plaintiff filed a reply. The plaintiff had judgment at the May term, 1871, of the district court.

*Usher & Dennis*, for plaintiff in error, in support of the motion.

Upon the trial of this cause in the court below we were of the opinion that the action was one of an equitable character, and that the petition was insufficient, because it did not set forth such a state of facts as would have entitled McBratney to the relief he sought under the old form of proceedings; and for this we objected to any evidence being received under the petition. In support of this position, we have now the case of Gibson v. Chouteau, 13 Wall. 92. On page 103, opinion of Mr. Justice FIELD, the court decides that in the assertion of an equitable title, whether by the plaintiff or by the defendant, the petition or answer is in the nature of a bill in equity, and should contain all the essential averments; and the case of Maguire v. Vice, 20 Mo. 431, is cited. Having taken this view of the case, our answer was a *disclaimer*, with a further answer setting out the facts in the case. Of course it will be conceded upon the authorities of the cases of Spofford v. Manning, 2 Edw. Ch. 357; Hawkins v. Gardiner, 17 Eng. Law & Eq. 35; and Gabriel v. Sturgis, 5 Hare, 97,—if the action was strictly an equitable one, that the pleading by way of disclaimer and the further answer was strictly correct. If it was an action based upon the legal title, and such title only as ejectment could have been maintained upon under the old form of proceedings, then accuracy in pleading would have required either a denial of title of plaintiff or possession of defendant. Mr. Justice FIELD, when one of the judges of the supreme court of California, in the case of Noe v. Card, 14 Cal. 577, clearly explained and declared the effect of a disclaimer in ejectment, holding it to be a denial of possession, *if the action was legal and not equitable; and we beg leave to call the especial attention of the court to the language of the learned judge in that case. By the law of Kansas the effect of a disclaimer in pleading is declared; and, since we have seen that a disclaimer is not applicable to a legal action, of necessity the lawmakers intended that it should be applied to actions of an equitable

character. And this being such action, we respectfully submit that within the authority of Gibson v. Chouteau, Maguire v. Vice, and the long line of California cases cited by Mr. Justice FIELD, the objection to the introduction of evidence was well taken.

If by our practice the averments necessary to constitute a bill in equity may be omitted, nevertheless the disclaimer was well pleaded, and the cause should have ended with the presentation of the disclaimer, there being nothing in the record shown or pretended that the defendant had, by any act of its own, provoked the bringing of the suit. We respectfully submit that the mandate to the court below should require the dismissal of the suit there. But if the action is to be held the same as a suit based upon a legal title, then, although the answer is not in the form that would be proper, or rather artistic, in such action, yet, as substance only is to be regarded, the answer is a denial of possession by the defendant. And as the court below found that Mr. Usher was in possession, and the railway company was not, the mandate should not be merely one of reversal and for a new trial; but, taking into consideration the fact that this is an equitable action, and that the rights of Mr. Usher are especially involved in it, we respectfully submit whether it will not be in the due course of equity practice for this court to make an order, and by its mandate direct that the court below shall, upon the application of Mr. Usher, permit him to appear and be made party defendant in the cause, with leave to answer, etc.

BREWER, J. Plaintiff in error moves for a rehearing, and on that motion insists that the petition filed in the district *court was defective in that it alleged an equitable estate without disclosing how the title was derived; and the case of Gibson v. Chouteau, 13 Wall. 92, is cited as authority. Whatever may be the rule elsewhere, it does not seem to us there can be any question under our statute. Section 595 of the Code, (Gen. St. 747,) reads: "In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition that he has a *legal* or *equitable* estate therein, and is entitled to the possession. * * * *It shall not be necessary to state how the plaintiff's estate or ownership is derived.*" The language differs from that in similar sections in the statutes of most if not all other states, and it is difficult to see how it could be made plainer against the proposition of the plaintiff. Of course, what kind of equitable title will carry with it the right of possession, and what the nature and amount of evidence necessary to establish such title, are questions not involved in the consideration of a sufficiency of a statutory pleading like this. The statute says this form of pleading is sufficient.

A second point presented is that a disclaimer is not a proper pleading in an action of ejectment, and, when made, should be treated as denying possession, and tendering an issue on that question. We

agree with counsel that it is a novel pleading in such action, and we were not a little troubled on the original consideration of this case to determine the effect of such an answer to this statutory petition. It does not deny title, and of course the rule that a denial of title admits possession would not apply. It does not admit possession, but in effect denies it. There would be some plausibility in treating it as tendering an issue on the question of possession. But the statute comes in and attempts to determine the effect of a formal disclaimer; that is, to give to the party disclaiming his costs, unless for special reasons the court decides otherwise. Code, § 587. It would seem from this that a disclaimer was not to be treated as raising any issue for trial, or interposing any objection to the granting of the relief prayed *13 for, but as simply asking to be *relieved from all costs. If a party desired a trial on the question of possession, a denial of possession would present the issue, and upon that issue the verdict would carry costs as a matter of right. If he filed no answer, the default would give to the plaintiff costs as well as the specific relief prayed for. By a disclaimer he would not prevent the plaintiff from obtaining the relief prayed for, but would save himself from all costs. Such seemed to us the purpose of the legislature in the section cited; and, though the matter be not free from doubt, we are disposed to adhere to our former ruling.

Application is also made to us to make an order directing the district court to permit J. P. Usher to be made a party defendant, with leave to file answer. Upon that a certified copy of the deed from the plaintiff in error to Mr. Usher, made intermediate the filing of the petition and the answer in the district court, is presented for our consideration; so that it appears that the legal title, if in the company at the time of the commencement of the suit, was thereafter transferred to Mr. Usher. If it did not seem perfectly clear to us that the rights of Mr. Usher were not affected by this judgment, we should be disposed to grant this application. But it appeared on the trial, from the undisputed testimony, that the possession of the land had been transferred to Mr. Usher long anterior to this action, and that, as between him and the company, he held a full equitable title. Under these circumstances, neither the default nor the disclaimer of the party holding the naked legal title could cut off or impair his rights. The whole proceeding is *res inter alios acta.* Of course, a judgment for possession against a party not in possession cannot be used to disturb one who is in possession.

The motions of the plaintiff in error will be overruled.

(All the justices concurring.)