## WILLIAM R. McDONALD v. HARRY C. C. STILES.

(Filed July 30, 1898.)

1. FORCIBLE ENTRY AND DETAINER—*Question of Title.* The action of forcible entry and detainer is purely a possessory action, and the question of title or boundaries cannot properly arise or be tried in such a proceeding.

2. SAME—*Right of Possession.* The question of title may be an incident to, or evidence of, the right of possession, and in the trial of a forcible entry and detainer cause the title may be inquired into sufficently to determine the right of possession, and for such purpose only.

3. SAME—*Jurisdiction—Justice of the Peace.* The statute gives exclusive jurisdiction to justices' courts in forcible entry and detainer proceedings, and the district court can only acquire jurisdiction in such cases by appeal or writ of error from the judgment of a justice of the peace.

4. SAME—*Cause Certified to District Court.* The statute authorizing a justice of the peace to certify a cause to the district court for trial whenever the title or boundaries to real estate are put in issue, has no application to forcible entry or unlawful detainer proceedings, for the reason that title or boundaries as contemplated by said statute cannot be put in issue in such proceedings.

5. SAME—*District Court—No Jurisdiction.* The district court has no jurisdiction to hear and determine a cause of forcible entry and detainer, certified from a justice of the peace, before any judgment is rendered in said cause by the justice of the peace.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*Amos Green & Son, Exline & Barnum,* and *S. A. McGinnis,* for plaintiff in error.

*Ransom & Bailey* and *D. Lafe Hubbler,* for defendant in error.

Action by Harry C. C. Stiles against William R. Mc Donald. Judgment for plaintiff. Defendant brings error. Reversed.

Opinion of the court by

Burford, C. J.: This was an action begun as unlawful entry and forcible detainer before a justice of the peace. The defendant in the justice's court filed his answer, denying the allegations of unlawful entry, and of plaintiff's right to possession, and also set up equitable title in himself, and that the plaintiff held the real estate in question in trust for him. The answer was verified, and the justice certified the cause to the district court, under the provisions of section 7, article 1, chapter 67, Statutes Oklahoma 1893. In the district court, McDonald, the defendant below, filed a cross-bill in equity to have Stiles declared a trustee for him, and to have the legal title to the lots in controversy conveyed to him. To this cross petition Stiles filed a plea of *res adjudicata,* to which plea McDonald demurred. The demurrer was overruled, and McDonald replied, denying the allegations of the plea. Trial was had, and judgment rendered for Stiles, and that the defendant McDonald was estopped by the former adjudication to set up the matters pleaded in his cross-petition. From this judgment McDonald appeals to this court.

It is the first duty of an appellate court, on the examination of a record, to look to its own jurisdiction, as well as the jurisdiction of the court from which the appeal was taken. Under our statutes, (article 13, ch. 67, Statutes 1893,) justices' courts are given exclusive original jurisdiction in actions for forcible entry or unlawful detainer of lands or tenements, and the district courts of the Territory have no original jurisdiction in such actions. Under our statutes governing the action of unlawful and forcible entry or unlawful detention, the action

is purely a possessory action, and the title to the real estate in question cannot properly be put in issue.   Deeds and other evidences of title may ordinarily be offered in evidence as proof of the right of possession, (*Oklahoma . City v. Hill,* 4 Okl. 521, 46 Pac. 568,) but these evidences of the right to possession may be introduced under the general denial, or without any pleading. (*Oklahoma City v. Hill, supra.*)

In the case of *Chisholm v. Weise,* 5 Okl. 217, 47 Pac. 1086 —a forcible entry and detainer case—the court held that the title to the real estate in controversy could not be put in issue, and Mr. Justice Tarsney very properly said: "If the question of ownership, or in which party the title may be, is not properly an issue in forcible entry and detainer proceedings, then the mere claim of title, or the offering in evidence of a deed of conveyance by one of the parties, will not raise a question of title, so as to devest a justice of the peace of jurisdiction.   Title is only involved where the title may be a proper question for decision."

We are satisfied that it was never the intention of the legislature that any question other than that of the right to possession should be tried in this class of cases.   It was the purpose to provide a speedy and inexpensive mode of restoring possession of real estate to the one rightfully entitled to the same.   By putting title in issue, and certifying the case to the district court, all the purposes and ends to be attained by this form of remedy, and the evils to be corrected, are defeated, and the action becomes one to try legal and equitable titles, and delays the determination of possessory rights.   Upon neither sound reason nor principle can the practice be sustained of converting a possessory action into one of ejectment,

or one in equity to declare a resulting trust and decree conveyances of legal titles. There are appropriate forms of action and proper forums provided for the trial of all this class of cases, and the ends of justices will be much better subserved if the remedy intended to be provided for the unlawful withholding of possession of real estate is confined to the purposes for which it was originally designated.

It may be suggested that our statute was adopted from the state of Kansas, and that the courts of that state had adopted a settled construction of this law prior to its adoption by our legislature. We have found but one case involving the question here presented, viz. *McNamara v. Culver*, 22 Kan. 631. By the law of that state the syllabus of the case contains the law as adopted by the court, and, while that case got into the court in the same manner as the one at bar, the law, as stated by the court, is not in conflict with the views herein expressed. It is true, in that case the court took jurisdiction without question, and decided the case, and it was treated as a case properly in the district court on certificate of title from the justice. We do not regard this case as conclusive on us, or as determining the question under consideration. Inasmuch as the question of title cannot be raised or tried in an action of forcible entry or unlawful detainer, the filing of an answer setting up title does not divest the justice of jurisdiction, and certifying the cause to the district court as one in which title to real estate is involved gives the district court no jurisdiction of the subject matter of the controversy. If the case was one in which the title to real estate might be properly tried, then the filing of an answer claiming title and putting the same in issue would authorize the justice to certify the

cause to the district court, and on filing the transcript in the office of the clerk of the district court such court would have the same jurisdiction as if the cause had been originally brought in the district court. In any case of forcible entry or unlawful detainer, where the defendant sets up title in himself, and attempts to raise such an issue before a justice of the peace, the justice should ignore or strike out such answer, and proceed with the trial of the cause as if no such answer had been filed. The district court only acquires jurisdiction in such cas's by appeal or writ of error from the judgment of the justice court, and it cannot be conferred in the manner attempted in this case. Surely it would not be contended that in a case of replevin before a justice, if the defendant should plead that the title to real estate was involved, such plea would divest the jurisdiction of the justice, and authorize him to confer jurisdiction on the district court to try such case by certifying the cause to the district court.

The true test in such cases is, is the cause one in which the question of the title to real estate may be properly set up as a defense to the cause of action set forth in the bill of particulars? The district court having been without jurisdiction in this cause, its proceedings were void, and the judgment is reversed, with directions to dismiss the cause in the district court, and remand same to the justice's court, with directions to strike from the files that portion of the answer which sets up that the title and boundaries of the lots in controversy are in dispute, and to fix a day, and proceed with the trial of the cause; and that each party pay the costs made by him, both in this court and the district court.

All of the Justices concurrring.