62 587
67 385
62 587
68 664
62 587
70 336

</div>

THE ARMOUR PACKING COMPANY v. S. K. HOWE.

**No. 11,852.** (64 Pac. 42.)

1. FORCIBLE ENTRY AND DETAINER— *Certification.* Section 5042 of the General Statutes of 1899 (Gen. Stat. 1897, ch. 103, § 26), providing that, when it appears to the satisfaction of a justice of the peace that the title or boundary of land is in dispute in any action, he shall certify the case to the district court for trial, has no application to actions of forcible entry and detainer.

2. PRACTICE, SUPREME COURT— *Jurisdiction.* When a district court, without jurisdiction of the subject-matter of an action, renders a judgment therein, this court will not entertain proceedings in error to reverse such judgment.

Error from Wyandotte district court ; E. L. FISCHER, judge. Opinion filed March 9, 1901. *In banc.* Dismissed.

*Thos. J. White,* for plaintiff in error.

*Hutchings & Keplinger,* and *Moore & Berger,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This was an action originally brought by S. K. Howe against the Armour Packing Company and George W. Tourtelotte, in one of the city courts of Kansas City, Kan., having the same jurisdiction formerly vested in justices of the peace. The proceeding was based on a verified complaint, in which it was alleged that, in December, 1895, the defendants unlawfully entered into certain premises (describing them), and had ever since had possession thereof by force; that due notice was given defendants to leave the same, and that Howe was entitled to the possession thereof.

The bill of particulars of defendants, which was filed by way of answer, alleged that the title and boundaries of the real estate sought to be recovered were involved in the litigation, and moved the court to certify the case and all pleadings therein to the district court. Further answering, the defendants averred that they were the sole owners in fee simple of the land and in possession thereof, and that they held title as follows : (1) By good and sufficient deeds of conveyance from the former owners in fee simple; (2) by prescription arising from open, notorious, hostile and continuous possession as against the world for more than fifteen years; (3) by accretion to land then and now in possession of and claimed and owned in fee simple by defendants. The answer was verified. Thereafter the following entry was made in the docket

of the judge of the city court, before whom the action was pending:

"No.v this day come the defendants and file their bill of particulars, by which it is shown that the title to real estate is in issue in this suit. It is therefore considered, ordered and adjudged by the court that this cause be transferred and transmitted to the district court of Wyandotte county, Kansas, for trial."

Thereafter a trial was had in the district court, resulting in a verdict and judgment for the plaintiff below, S. K. Howe. The Armour Packing Company comes here by proceedings in error, its codefendant below, Tourtelotte, having been dismissed from the case in the district court.

A question of jurisdiction is presented by the record, and, although there was no discussion of the subject either on oral argument or in briefs of counsel, it involves our authority to hear and determine the merits of the case, for which reason it cannot be ignored. It has been expressly decided that an action of forcible detainer or forcible entry and detainer is possessory merely, and does not involve the title to real estate except to the extent that evidence of title may be incidentally shown to support the claim of right of possession. In *McClain v. Jones*, 60 Kan. 639, 640, 57 Pac. 500, the court said:

"The thing in dispute in forcible detainer, and forcible entry and detainer, is not the title to the real estate but the mere right to its possession. In such class of actions the title to the real estate is often involved, but it is involved as an incident only and not as the main subject of controversy." (See, also, *Conaway v. Gore*, 27 Kan. 122.)

In *McNamara v. Culver*, 22 Kan. 661, a forcible-detainer action commenced before a justice of the peace was certified to the district court on the filing of a

sworn answer setting up title. It proceeded to judgment, but no question was raised as to the jurisdiction of the district court. The defendant claimed a second trial by right, as in cases of ejectment. This claim was denied, the court holding that a certification from the justice to the district court changes the forum but does not change the action; that the same proof must be made in the latter as would have been required in the former court, and the same relief obtained.

If a dispute over the question of title cannot be tried and determined in such actions either in the district or justice's court, and the same proof is required to support the issues in either tribunal, what good reason can be given for transferring a controversy involving the right of possession from the justice to the district court? Justices of the peace have original jurisdiction in forcible entry and detainer. (Gen. Stat. 1899, § 5037; Gen. Stat. 1897, ch. 103, § 20.) Until 1870 the law provided that if, in an action commenced before a justice, it appeared to his satisfaction that the title or boundaries of land were in dispute, such action should be dismissed without prejudice. (Gen. Stat. 1868, ch. 81, § 7.) The statute now reads:

"If in any action commenced before a justice it appears to the satisfaction of the justice that the title or boundary of land is in dispute in such action, said action shall be stayed before said justice, and said justice shall within ten days thereafter certify said case and transmit all papers and process therein to the clerk of the district court of his county, and said case shall be docketed and thereafter proceeded with in the district court as if originally commenced therein." (Gen. Stat. 1899, § 5042; Gen. Stat. 1897, ch. 103, § 26.)

Under our code, in cases of forcible entry and detainer, evidence is properly offered and received con-

cerning title or boundaries, not for the purpose of adjudicating upon the limits of such boundaries, or the validity of such title, but merely as an incident thereto showing the right of possession. If the question of title was in dispute and determinable in the case, then a judgment therein would be a link in the chain of title, which is not the case in actions of forcible entry and detainer. It cannot be said that section 5042 of the General Statutes of 1899, above set out, is without force or application by reason of the fact that questions of title or boundaries cannot be determined in forcible-detainer cases. In actions for trespass on real estate, involving less than $100, the justice may take jurisdiction, under section 5041 of the General Statutes of 1899 (Gen. Stat. 1897, ch. 103, § 23), and in such cases the title or boundary of land might come into dispute as a justification for the alleged trespass, in which event the controversy could lawfully be certified to the district court. It was the manifest intention that forcible entry and detainer proceedings should speedily terminate. They are summary in character. No continuance is allowed by the statute for a longer period than eight days without the giving of bond to the adverse party. The delay incident to actions where title is tried and adjudicated would tend to defeat the purposes for which the remedy is given. Section 5042, *supra,* has been borrowed and reenacted in Oklahoma, together with our procedure relating to actions of forcible entry and detainer. In the case of *McDonald v. Stiles,* 7 Okla. 327, 54 Pac. 487, the supreme court of that territory passed on this question and held as we do. We are quite clear that the district court acquires jurisdiction in such actions only by appeal or proceed-

ings in error from the judgment of the justice of the peace.

On the trial of the present action, the district court rightly instructed the jury that title to the land in controversy was not to be determined, but that the question was simply as to which of the parties had the right of possession at the time the suit was brought. We are fully convinced that the district court acted without jurisdiction of the subject-matter, and that its judgment is void. If that court was without power to hear and determine the cause, it follows that this court cannot do so upon proceedings in error. (Elliott, App. Proc. § 79, 470; *Robertson v. The State, ex rel. Smith,* 109 Ind. 79, 83, 10 N. E. 582, 584.) The court, in the case cited, further said:

"The only course which the court can rightfully pursue is to decline to speak in all cases where it cannot speak by the law. It is not a matter of choice; it is a matter of duty. The duty is as solemn and imperative as any one among all the grave duties that rest upon the courts of the country. Nor ought the courts to give opinions which are in form judgments, but in reality mere phantomatic resemblances, since, in more ways than one, such a course is productive of evil."

The proceedings in error will be dismissed.