## O. E. Cope v. L. H. Braden.

(Filed September 5, 1901.)

1. **FORCIBLE ENTRY AND DETAINER—Proper Remedy, When.** Where a person is a settler or occupier of lands without color of title, and to which the plaintiff has the right of possession, forcible entry and detainer is the appropriate remedy.

2. **SAME—Proceeding at Law.** An action of forcible entry and detainer is purely a proceeding at law, and does not and cannot involve the exercise of equitable jurisdiction, the right of possession being the sole question involved. The rule laid down in *Dysart v. Enslow*, 7 Okla. 386 and *McDonald v. Stiles*, 7 Okla. 327, reiterated and reaffirmed.

3. **SAME—Proper Remedy, When.** Where adverse claimants are residing upon a tract of land, and each claiming the same as a homestead by virtue of prior settlement, and the land tribunal makes a final adjudication in said cause, the successful party who has the homestead entry thereon may maintain an action in a forcible entry and detainer against the unsuccessful party to obtain possession thereof, and which he refuses to surrender upon giving the statutory notice to quit.

4. **SAME—Right of Action.** The right of action in a forcible entry, and detainer suit accrues when the contest of prior settlement is finally adjudicated and closed in the land tribunal.

5. **SAME—Jurisdiction—Land Contest.** The contest in the land tribunal is held and construed to be adjudicated and closed when the motion for review and rehearing is denied and overruled by the secretary of the interior. And the fact that proceedings are instituted or may be instituted by the unsuccessful contestant asking the secretary of the interior to exercise his supervisory powers, does not divest the courts of jurisdiction in an action of forcible entry and detainer.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before John L. McAtee, Trial Judge.*

*George P. Rush,* for plaintiff in error.

*Charles H. Parker,* for defendant in error.

Opinion of the court by

HAINER, J.: This is an action of forcible entry and de- detainer brought by L. H. Braden, defendant in error, against O. E. Cope, plaintiff in error, in the justice court of Garfield county to recover possession of eighty acres of land, which the plaintiff in error, it is alleged, unlawfully detained from the defendant in error. It appears from the record that on September 21, 1893, L. H. Braden, defendant in error, made homestead entry upon the southeast quarter of section twelve, township twenty-two north, range seven west of the Indian Meridian, and obtained a re- ceiver's duplicate receipt therefor. That thereafter O. E. Cope, the plaintiff in error, filed a contest against Braden, alleging that he was the prior settler upon said land. The contest was heard in the local land office and on successive appeals taken to the secretary of the interior. The secre- tary of the interior on October 21, 1897, decided the contest in favor of Braden, the defendant in error. Motion for review was filed, and denied by the secretary; and on April 29, 1898, the commissioner of the general land office ordered the case closed. Notice to quit was duly served upon Cope on March 31, 1898, and he having refused to surrender possession of the premises this action was instituted. There was no answer filed by the defendant, but a general plea of not guilty was entered at the trial of the cause. Judgment

for plaintiff, and against the defendant, for restitution of the premises. From this judgment defendant appeals.

It is contended by the plaintiff in error that forcible entry and detainer is not the proper remedy in this case. We think that this contention is clearly untenable.

Section 4805 of the Statutes of 1893 provides that:

"Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceful entry into lands or tenements, unlawfully and by force hold the same."

And section 4806 provides that proceedings under this article may be had in cases "where the defendant is a settler or occupier of lands and tenements, without color of title, and to which the complainant has the right of possession." We think that these two sections give the plaintiff a clear right to maintain this action against the defendant. The contest for prior settlement having been decided adversely to the defendant in the land tribunal, gave the plaintiff the right of possession to the entire tract of land. This court has repeatedly held that an action of forcible entry and detainer is purely a proceeding at law and does not and cannot involve the exercise of equitable jurisdiction. The right of possession is the only question involved. (*Dysart v. Enslow,* 7 Okla. 386; *McDonald v. Stiles,* 7 Okla. 327; *Laughlin v. Farris,* 7 Okla. 1; *Olds v. Conger,* 1 Okla. 232.)

In *McDonald v. Stiles,* Mr. Chief Justice Burford, speaking for the court, said:

"We are satisfied that it was never the intention of the legislature that any question other than that of the right to possession should be tried in this class of cases. It was the purpose to provide a speedy and inexpensive mode of restoring possession of real estate to the one rightfully entitled to the same. By putting title in issue, and certifying the case to the district court, all the purposes and ends to be attained by this form of remedy, and the evils to be corrected, are defeated, and the action becomes one to try legal and equitable titles, and delays the determination of possessory rights. Upon neither sound reason nor principle can the practice be sustained of converting a possessory action into one of ejectment, or one in equity to declare a resulting trust and decree conveyances of legal titles. There are appropriate forms of action and proper forms provided for the trial of all this class of cases, and the ends of justice will be much better subserved if the remedy intended to be provided for the unlawful withholding of possession of real estate is confined to the purposes for which it was originally designated."

In *Black v. Jackson,* 177 U. S. 362, Mr. Justice Harlan, discussing this question, said:

"In the decision in *Laughlin v. Farris* all the justices of the supreme court of the territory concurred, including those who constituted the majority when the present case was decided. And we cannot find that that court has in any case withdrawn or qualified the ruling that an entryman, out of possession and having a decision by the land office in his favor, may proceed against his adversary in possession by an action of forcible detainer and thus obtain possession without resorting to the extraordinary remedies used by courts of equity. According to the decisions of that court, Black, as between himself and his successful adversary, was in posssession without color of title. Now, by the statutes of the territory, in the article relating to

forcible entry and detainer, if it be found that lands and tenements after a lawful entry 'are held unlawfully,' then the justice 'shall cause the party complaining to have restitution thereof;' and it is provided that proceedings under that article may be had in all cases 'where the defendant is a settler or occupier of lands and tenements, without color of title, and to which the complainant has the right of possession.' "

It is next contended in the brief of counsel for plaintiff in error that the court erred in excluding legal and competent evidence, which showed that the secretary of the interior had made an error of law. The defendant offered in evidence the decision of the commissioner of the general land office, and also the decision of the commissioner, denying the motion for review. These decisions were clearly incompetent, and the court, therefore, properly sustained the plaintiff's objections thereto.

But, it is contended that the right of plaintiff to maintain this action does not accrue until after the patent has issued. We do not think so. We think the right to bring an action of forcible entry and detainer accrued when the contest of prior settlement had been finally closed in the land tribunal. And the fact that proceedings may be instituted by the unsuccessful contestant asking the secretary of the interior to exercise his supervisory power does not divest the courts of jurisdiction in an action at law.

In *Cox, et al. v. Garrett,* 7 Okla. 384, this court, in discussing this question, said:

"* * * It is true that the supervisory authority of the secretary of the interior may be exercised in the dis-

posal of the public lands until the title passes from the United States to the rightful homestead claimant, or until the issuance of patent therefor; but it does not follow because such supervisory power is vested in the secretary, that it can be said that the contest is still pending between the parties in the land tribunal. We are of the opinion that when the motions for review and rehearing, as in this case, have been overruled and denied by the secretary of the interior, then the contest proceedings between the parties before the land tribunal are terminated. The rights of the parties are then established to the extent that this court will take jurisdiction of the subject matter, and determine the possessory rights of the successful party. * * *"

We have examined the record, and find no error committed by the trial court.

The judgment of the district court is, therefore, affirmed at the costs of the plaintiff in error.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.