Hon. JNO. H. BURFORD, Chief Justice.
Hon. CLINTON F. IRWIN,
Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. FRANK E. GILLETTE,
Hon. J. L. PANCOAST,
Hon. JAMES K. BEAUCHAMP,

Associate Justices.

---

### IDA McClung v. William A. Penny.

(Filed June 5, 1902.)

1. **FORCIBLE ENTRY AND DETAINER—Title—Probate Court.** Where a complaint in forcible entry and detainer is filed, which is sufficient on its face, the fact that it contains the allegation that the plaintiff is the owner of the premises therein described, will be treated as descriptive of his right of possession, and not as raising the question of title, inasmuch as the question of title cannot be raised or tried in an action of forcible entry and detainer, the filing of an answer setting up the title, or claiming an equitable right to declare a resulting trust, will not divest the probate court of jurisdiction.

2. **JURISDICTION OF PROBATE COURTS IN FORCIBLE ENTRY AND DETAINER.** Article 15, chapter 18, section 1562, Statutes of 1893, reads: "Probate courts in their respective counties shall in addition to the powers conferred upon them by the probate chapter of the territory, have and exercise all the ordinary powers and jurisdiction of justices of the peace." By this provision, jurisdic-

tion is given of the action of forcible entry and detainer, as forcible entry and detainer in one of the ordinary powers of justice of the peace.

(Syllabus by the court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Pancoast & Bowles* and *S. H. Harris,* for plaintiff in error.

*Ransom & Bailey* and *J. H. King,* for defendant in error.

### STATEMENT OF FACTS.

This is an action commenced by defendant in error in the probate court of Kay county, Oklahoma territory, and is an action of forcible entry and detainer to recover the possession of the southwest quarter, of section 30, township 26, north of range 1 east. The facts are that defendant in error and one Charles R. McClung, the husband of plaintiff in error, both claimed this tract of land as homestead settlers, and contested for their rights as such, through the several departments of the interior, to a final determination, which was in favor of defendant in error, who, having completed his entry, brought this action to obtain possession of the land. The defendant files a general denial, and also sets up by way of answer that the land department and the secretary of the interior misapplied the law in the case, and that the defendant in error was not a qualified entryman; and alleges that she, the plaintiff in error, intends to bring an action to declare the title of defendant in error a trust for the benefit of plaintiff in error. Judgment in the probate court was rendered in favor of defendant in error. An appeal was taken to the district court, and a similar judgment rendered there, and exception saved, and the cause is brought here for review.

Opinion of the court by

IRWIN, J.: While there are several assignments of error, only three are argued or insisted upon by plaintiff in error in his brief. First, it is alleged that as defendant in error in his complaint says that he is the owner of the premises therein described, this raises the question of title, and deprives the probate court of jurisdiction. We do not think this position is well taken. The word owner as herein used would be merely descriptive of plaintiff's right of possession, and would not change the nature of the action. Second: It is denied that the probate court has jurisdiction in an action of forcible entry and detainer. By article 13, chapter 67, Revised Statutes of 1893, justices of the peace within their respective counties are given jurisdiction in such actions. Article 15, chapter 18, section 1562, of the same Statute reads as follows:

"Probate courts in their respective counties, shall, in addition to the powers conferred upon them by the probate chapter of the territory, have and exercise the ordinary powers and jurisdiction of justices of the peace."

And we think these two sections are a complete answer to this contention of plaintiff in error.

The sole and only remaining assignment of error is the third, that is, has the plaintiff below the right to bring and maintain forcible entry and detainer, upon the strength of a homestead entry, when the defendant claims an interest in the land, other than possession? That is, where the defendant below claims the right to bring an action to declare plaintiff's title to be in trust for defendant. This court in the case of *Laughlin v. Fariss,* reported in 7 Okla. page 6, says:

"Where a homestead entryman has complied with all of the requirements of the federal statutes, applicable to the disposal of the tract of land occupied by him, and has made

final proof, paid the amount of money required, and received final certificate therefor, he has a complete equitable title to said land."

In the case of *Kansas Pacific Railway Company v. Mc-Bratney,* 12 Kan. 17, Justice Brewer, speaking for the court, says:

"In an action for the recovery of real property, it shall be sufficient if the plaintiff state in his petition that he has a legal or equitable estate therein, and is entitled to the possession."

In a case very similar to the case at bar, the case of *Laughlin v. Fariss,* above cited, which was one where the contest has been finally decided by the department of the interior, in favor of the plaintiff, and he had completed his entry, and the defendant sought to hold possession by virtue of a second contest, this court held that forcible detainer was the proper action.

The only remaining question is: Can the question of a resulting trust be set up as a defense and tried in this action? Such an answer sets up title in the defendant, and in fact asks the trial court to reverse the decision of the department of the interior, and declare the title and ownership to be in the defendant. The right to adjudicate such equitable rights in an action of this kind has been denied by this court, in the case of *McDonald v. Stiles,* 7 Okla. page 328, which was an action begun as unlawful entry and forcible detainer, before a justice of the peace. The defendant in the justice court filed answer, denying the allegation of unlawful entry, and of plaintiff's right to possession, and also set up equitable title, in himself, and that the plaintiff held the real estate in question in trust for him, thus making it in principle a case pre-

cisely like the one at bar. And in that case this court, through its chief justice, uses the following language:

"We are satisfied that it was never the intention of the legislature that any question other than that of the right to possession should be tried in this class of cases. It was the purpose to provide a speedy and inexpensive mode of restoring possession of real estate to the one rightfully entitled to the same. By putting title in issue, and certifying the case to the district court, all the purposes and ends to be attained by this form of remedy, and the evils to be corrected, are defeated, and the action becomes one to try legal and equitable titles, and delays the determination of possessory rights. Upon neither sound reason nor principle can the practice be sustained of converting a possessory action into one of ejectment, or one in equity to declare a resulting trust and decree conveyances of legal titles. There are appropriate forms of action, and proper forms provided for the trial of all this class of cases, and the ends of justice will be much better subserved if the remedy intended to be provided for the unlawful withholding of possession of real estate is confined to the purposes for which it was originally designed."

This court in the case of *Kirtley v. Dykes,* 10 Okla. 18, says:

* * *    "When the matter was finally decided by the land department, and a judgment rendered in favor of the plaintiff. Her right to the possession of the premises was completed." (*Armour Packing Co., v. Howe,* 84 Pac. 43; *Wideman v. Taylor,* 65 Pac. 615.)

The entire theory of this action is that it is purely possessory. That it deals with the possessory rights and not the ultimate rights of the parties. Questions other than the immediate rights of the parties cannot be litigated in such action. If the party desires to have an adjudication on her right to a resulting trust in the land, she must resort to another forum, and another form of action.

Having examined the entire record, and finding no error therein, and believing that substantial justice has been done, the decision of the district court is affirmed, at the cost of the plaintiff in error.

Hainer, J., having presided in the court below, and Pancoast, J., having been of counsel in the court below, not sitting; all the other Justices concurring.