NATHAN C. HACKNEY V. FRANK A. McKEE.

(Filed January 13, 1903.)

1. **FORCIBLE ENTRY AND DETAINER.** Forcible entry and detainer is a proper remedy for a homestead entryman, whose rights have been finally determined, as against one whose claim to the land has been canceled by the land department. The right so determined carries with it the exclusive and undisturbed possession of the whole of the premises.

2. **SAME—Title Not Litigated.** The action of forcible entry and detainer cannot be converted into an action to try the question of title to the premises by an answer to the complaint putting in issue such title. (Following **McQuiston v. Walton**, and **Brown v. Hartshorn**, this Volume.)

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Ransom & Bailey,* for defendant in error.

*S. H. Harris,* for plaintiff in error.

Opinion of the court by

GILLETTE, J.:   This action is the final culmination of proceedings in the land department for the northeast quarter of sec. 8, T. 26, range 2 east of I. M.

Several parties including the present plaintiff and defendant made entries upon said premises and offered their filing thereon to the local land office at ———————and therefore in due time the conflicting claims were consolidated and a hearing of all the parties in interest was had in the

local land office and upon its conclusion that office rejected all the conflicting claims and awarded the land to the defendant in error herein, Frank A. McKee.

From this decision of the local land office the present plaintiff in error, appealed to the commissioner of the general land office where the same finding and decision was made as in the local land office. Thereupon plaintiff in error further presented his appeal to the secretary of the interior, where the decision of the commissioner was modified to the extent of directing a further hearing between defendant in error, McKee, and one Thomas M. Hartshorn as to their relative rights to the east one-half of said northeast quarter of sec. 8, but affirming the decision of the commissioner denying to plaintiff in error any rights to any part of the said northeast quarter as against defendant in error, McKee.

It will be seen from the foregoing statement that in his contest in the land office the plaintiff has been denied any right in the premises as against either this defendant in error, McKee, or Hartshorn, but as between McKee and Hartshorn it is yet undecided which has the better right to the east half of the said quarter section of land. This is an action of forcible entry and detainer brought in the probate court of Kay county, to compel plaintiff in error, Hackney, to vacate and surrender to defendant in error, McKee, that part of said premises by him occupied and cultivated.

It must be remembered that both the plaintiff and defendant are and have been in possession of said premises, since

the 16th day of September, 1893.   The difference in their initial settlement being only. about twenty minutes, and in this action have set. up and are relying on their respective rights acquired by virtue of their respective settlements and residence upon these premises as a part of the public domain.

No question of tenancy exists in the case, and the right which either party has to the possession of the premises or any part thereof is determined by.the right which he has secured by a compliance with the land laws of the United States.

These rights have been fully submitted to the special tribunal created by the government for the express purpose of determining such conflicting claims and that tribunal has settled for all time the relative rights of the plaintiff and defendant herein, unless it shall be made to hereafter appear that the land officials misapplied the law to the facts before them, and as between the parties to this action have erroneously awarded the right of homestead entry to defendant in error, McKee.

This right carries with it the right to the exclusive and undisturbed possession of the whole of said premises, as against one whose rights have been passed upon and decided against by the secretary of the interior.

Defendant in error, McKee, may fail to perfect his homestead entry and may yet forfeit his opportunity to obtain title to the land, but until he makes such failure or forfeits his rights to acquire title, he has a right to the free and undisturbed possession of the whole of said premises.

It·is objected that the probate court has no jurisdiction in

this class of actions. So far as this court is concerned that question has been passed upon in the case of *McClung v. Penny,* this volume, and jurisdiction of the probate court upheld.

The answer in this case sets up the proceedings and decision in the land office, and especially the decision of the secretary of the interior, and the only attempted defense set out in the answer is, that the secretary of the interior committed error in applying the law to the facts before him, which error this court is asked to correct.

Stated differently, it is that the title to the premises is in issue, and this court is asked to determine which of the parties has the better title, and is therefore entitled to possession.

It is useless to discuss such a defense as this in this form of action.

It has been so often and so universally held by the courts that the title to real estate could not be tried or determined in an action of forcible entry and detainer, that it seems amazing that it should continue to be pressed upon the attention of the court.

The case is so nearly a repetition of *McClung v. Penny,* this volume, reported in 69 Pac. 499, it would be impossible to make a distinction between them, (if we were inclined to do so), without overruling that case.

That case is stated as follows:

"This is an action commenced by defendant in error in the probate court of Kay county, Oklahoma Territory, and is an action of forcible entry and detainer to recover the pos-

session of the S. W. 1-4 of section 30, township 26 north, of range 1 east, I. M.   The facts are that defendant in error and one Charles R. McClung, the husband of plaintiff in error, both claimed this tract of land as homestead settlers, and contested for their rights as such, through the several departments of the interior, to a final determination, which was in favor of the defendant in error, who, having completed his entry, brought this action to obtain possession of the land.   The defendant files a general denial, and also sets up by way of answer that the land department and the secretary of the interior misapplied the law in the case, and that the defendant in error was not a qualified entryman, and alleges that she (the plaintiff in error) intends to bring an action to declare the title of defendant in error a trust for the benefit of plaintiff in error.   Judgment in the probate court was rendered in favor of the defendant in error. An appeal was taken to the district court and a similar judgment rendered there, and exception saved, and the cause is brought here for review."

The foregoing would be a complete summary and statement of the facts in this case and the law as therein declared establishes the following propositions:

1st.  The probate courts, in this territory, have jurisdiction in actions of forcible entry and detainer.

2nd.  A party who has prosecuted his homestead entry through the land office and obtained the decision of the secretary of the interior awarding to him the right to make his homestead filing and proof, has such an equitable interest in and title to the premises, that he is entitled to the exclusive possession of all the premises contested for, and may maintain the action of forcible entry and detainer to recover

the possession of all or any part of the premises held and occupied by an unsuccessful contestant.

3rd. A plea of title in the defendant or a plea alleging that title to the premises will be in issue in such case, cannot be interposed in such action or indeed in any action of forcible entry and detainer, because the title to real estate cannot be tried or determined by any court in that form of action, and if such plea is offered, it should be rejected or struck out on motion of plaintiff.

4th. That the claim of a resulting trust sets up title in the defendant and asks the trial court to reverse the decision of the department of the interior and declare the title in the defendant, and this claim the court cannot adjudicate in this form of action. (*Olds v. Conger,* 1 Okla. 232; *Oklahoma City v. Hill, et al.* 4 Okla. 522; *Chisholm v. Weise,* 5 Okla. 220-221; *McDonald v. Stiles,* 7 Okla. 327; *Dysart v. Enslow,* 7 Okla. 386; *McClung v. Penny,* 69 Pac. 499 [also this volume]; *Kirtley v. Dykes,* 10 Okla. 18; *Packing Co. v. Howe,* 64 Pac. 43 [Kan.]; *Wideman v. Taylor,* 65 Pac. 664 [Kan.]).

In *Olds v. Conger,* 1 Okla. 232, it is held:

"* * * * In an action of forcible detainer the title to the property is not, and cannot be, tried and determined. The right of possession is the only right involved."

In *Chisholm v. Weise,* 5 Okla. 221, it is said:

"* * * * If the question of ownership, or in which party the title may be, is not properly an issue in forcible entry and detainer proceedings, then the mere claim of title, or the offering in evidence of a deed of conveyance by one of

the parties, will not raise the question of title so as to divest a justice of the peace of jurisdiction. Title is only involved where the title may be a proper question for decision."

In *McDonald v. Stiles,* 7 Okla. 329, this court says:

"We are satisfied that it was never the intention of the legislature that any question other than that of the right to possession should be tried in this class of cases.  *  *  * By putting title in issue and certifying the case to the district court, all the purposes and ends to be attained by this form of remedy, and the evils to be corrected, are defeated, and the action becomes one to try legal and equitable titles and delays the determination of possessory rights. Upon neither sound reason nor principle can the practice be sustained of converting a possessory action into one of ejectment, or one in equity to declare a resulting trust and decree conveyances of legal titles.  *  *  *  *."

In *Dysart v. Enslow,* 7 Okla. 386, it is held:

"*  *  *  *An action of forcible detainer is purely a proceeding at law, and does not and cannot involve the exercise of equitable jurisdiction.  *  *  *"

In *Packing Co. v. Howe,* 62 Kan. 587, it was held:

"*  *  *  *  Section 5042 of the general statutes of 1899 (Gen. Stat. 1897, ch. 103 sec. 26), providing that, when it appears to the satisfaction of a justice of the peace that the title or boundary of land is in dispute in any action, he shall certify the case to the district court for trial, has no application to actions of forcible entry and detainer."

In that case a plea of title had been interposed by the defendant in the justice's court, who thereupon certified the case to the district court for trial; where a trial was had and the cause taken on error to the supreme court.

That court dismissed the proceedings in error, for want of jurisdiction in either the district court or the supreme court over the subject-matter of the action, holding, in effect, that forcible entry and detainer proceedings must be tried before the justice, and thence appealed to the district court, in order for the latter court to obtain any jurisdiction to hear or determine proceedings in forcible entry and detainer.

We have quoted. thus at length from former decisions of this and other courts, in the almost vain hope of sometime discouraging these continual attempts to litigate the title and to determine equitable interests in actions of forcible entry and detainer.

The judgment of the court below must be affirmed.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.