## CAHILL et al. v. PINE CREEK OIL CO. et al.

No. 3034.    Opinion Filed July 29, 1913.

(134 Pac. 64.)

COURTS — Forcible Entry and Detainer—Issues Triable — Title to Real Property. Forcible entry and detainer in this state is a possessory action, and title to real estate cannot be involved except incidentally, and not then where the plaintiff was actually and physically in possession at the time the entry complained of was made. The only questions to be tried are: Was the plaintiff in possession of the real estate at the time complained of? and did the defendant forcibly oust him therefrom and take possession thereof? If the plaintiff was wrongfully in possession, if he had acquired it from the defendant by force, he is entitled to hold it, and will be protected in it until deprived of it by process issued on the judgment of a court of competent jurisdiction, and the defendant cannot, in defense of his own forcible entry, be heard to say that the plaintiff acquired and held possession wrongfully, or acquired it lawfully, and was holding it unlawfully.

(Syllabus by the Court.)

*Error from County Court, Okmulgee County; Geo. A. Johns, Judge.*

Action by S. D. Cahill and others against the Pine Creek Oil Company and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*Mark L. Bozarth* and *Merwine & Newhouse,* for plaintiffs in error.

*Belford & Hiatt,* for defendants in error.

PER CURIAM. This case presents error from the county court of Okmulgee county, and is an action of forcible entry and detainer brought by the plaintiffs in error, plaintiffs below, against defendants in error, defendants below, before a justice of the peace in Okmulgee county, to recover the possession of a tract of land described as the northeast one-quarter of section 35, township 13 N., range 14 E., situate in said county. The trial before the justice resulted in a judgment for the defendants, and the plaintiffs appealed to the county court. A trial was entered upon in the county court, and during the taking of the testimony the defendants filed a motion to dismiss the action because the title to real estate was involved therein, and that the county court had no jurisdiction, which motion was sustained and the case dismissed, and from the overruling of a motion for a new trial, plaintiffs have brought the case here for review.

The only question to be determined in this case is the ruling on the motion of the defendants to dismiss the case. On the trial plaintiffs introduced an oil lease, executed by the owner of the land, in 1909, and relied thereon for their right to possession, and the defendants, to show their right to possession, introduced an oil lease executed by the owner of the land, in 1911, contending that they had the best right, and that the plaintiffs had abandoned their said lease, and that the possession was lost by said abandonment. As to their rights under their respective leases, we have nothing to do. It should be settled, and can only properly be settled in a court of general original jurisdiction, where it would have to be commenced. The action of forcible entry and detainer is a possessory action only; the title to the land cannot be made an issue, and cannot be invoked except as an incident to the trial, and in an action where the party ousted had at the time the actual physical possession of the real estate, no title in him need be shown. If he shows at the trial that he had this possession, though it was acquired and held wrongfully against the party who dispossessed him, he is entitled

to hold it, and be protected in it, until dispossessed by process of a court of competent jurisdiction. No more need the defendant set up his title to defeat the plaintiff in his action.

Courts use language loosely, and frequently say what is not really meant, and use the expression "right to possession" when they mean "right of possession," and *vice versa*, but there is a clear distinction between a right to possession and a right of possession. The holder of a deed conveying the title, or a lease on real estate, which expressly or by implication gives the lessee possession, has the right to possession, and if actually in possession, he not only has the right to, but the right of possession. A party who enters and detains by force, or who enters lawfully and detains unlawfully and forcibly the possession, has the right of possession, and cannot be dispossessed by force by a party having the right to possession. The plaintiffs' complaint alleges that the plaintiffs were in actual possession of the real estate. If that were true, no matter how that possession had been acquired, the court should have inquired further into the complaint whether they had been dispossessed by the defendants' forcible entry, and whether the premises were being forcibly detained by them. The right to the possession is lodged in the party who had the right of possession when forcibly dispossessed. The title or right under which the respective parties entered is immaterial, and irrelevant to the investigation when an actual possession has been destroyed by force. The questions to be tried in this case are whether or not the plaintiffs were in the actual and physical possession of the real estate at the time complained of, and whether that possession was forcibly taken and detained from them by the defendants. As we have said, the title was not involved, and could not be tried in this or any other similar case.

In the case of *McDonald v. Stiles*, 7 Okla. 327, 54 Pac. 487, the Supreme Court of Oklahoma used this language:

"Under our statutes governing the action of unlawful and forcible entry or unlawful detention, the action is purely a possessory action, and the title to the real estate in ques-

tion cannot properly be put in issue. Deeds and other evidences of title may ordinarily be offered in evidence as proof of the right of possession (*Oklahoma City v. Hill,* 4 Okla. 521, 46 Pac. 568), but these evidences of the right to possession may be introduced under the general denial, or without any pleading (*Oklahoma City v. Hill, supra*). In the case of *Chisholm v. Weise,* 5 Okla. 217, 47 Pac. 1086, a forcible entry and detainer case, the court held that the title to the real estate in controversy could not be put in issue, and Mr. Justice Tarsney very properly said: 'If the question of ownership, or in which party the title may be, is not properly an issue in forcible entry and detainer proceedings, then the mere claim of title, or the offering in evidence of a deed of conveyance by one of the parties, will not raise a question of title, so as to divest a justice of the peace of jurisdiction. Title is only involved where the title may be a proper question of decision.' We are satisfied that it was never the intention of the Legislature that any question other than that of the right to possession should be tried in this class of cases. * * * Inasmuch as the question of title cannot be raised or tried in an action of forcible entry or unlawful detainer, the filing of an answer setting up title does not divest the justice of jurisdiction, and certifying the cause to the district court as one in which title to real estate is involved gives the district court no jurisdiction of the subject-matter of the controversy. *.* * In any case of forcible entry or unlawful detainer, where the defendant sets up title in himself, and attempts to raise such an issue before a justice of the peace, the justice should ignore or strike out such answer, and proceed with the trial of the cause as if no such answer had been filed."

Our statute was borrowed from Kansas, and since the decision of our territorial court the same question was presented to the Supreme Court of Kansas in the case of *Armour Packing Company v. Howe,* 62 Kan. 587, 64 Pac. 42. To like effect are the cases of *Brown v. Hartshorn,* 12 Okla. 121, 69 Pac. 1049; *Olds v. Conger,* 1 Okla. 232, 32 Pac. 337; *Conaway v. Gore,* 27 Kan. 127; *Burdette v. Corgan,* 27 Kan. 275.

The action being summary in character, and intended to provide quick procedure to regain possession wrongfully taken

and withheld from a party, and lodging original jurisdiction in such action in the justice of the peace, it is apparent that the Legislature did not intend to permit such case, either certified to the district court or dismissed because the defendants had raised a question of title, to justify their unlawful act; if such could be, then the object of the law would often be defeated, and the wrongful possession would be held until the district court convened. Such is not the law, and the county court erred in dismissing the case, and its action is reversed, and the case remanded for a new trial in accordance with the views expressed herein.