## CASEY v. KITCHENS.

No. 6079—Opinion Filed Nov. 6, 1917.

(168 Pac. 812.)

1. **Forcible Entry and Detainer — Title — Evidence.**

   Evidence to title of real estate can be introduced in an action of forcible entry and detainer only as an incident tending to show the right to possession.

2. **Forcible Entry and Detainer—Right of Action—Possession.**

   One who in the peaceable and quiet possession of land and premises has a right of possession, that is to say, a right arising

from possession alone, which precludes one who has the right to possession from ousting him without resorting to an action in court and, if he is deprived of such possession against his will and without resort to the courts, he may maintain an action for the possession from which he has been excluded, even against one who had such right as would have entitled him to recover possession by action.

### 3. Same—Possession—"Force."

In order to constitute force as contemplated by the forcible entry and detainer act (Comp. Laws 1909, secs. 6428-6441), it is not necessary that actual violence be used. If a person takes possession of real property during the temporary absence and without the consent of one who is in the peaceable and quiet possession and bars the former occupant from possession, persistently refusing to surrender the premises, he is guilty of forcible and unlawful detainer.

### 4. Justices of the Peace—Forcible Entry and Detainer—Possession.

In an action brought under the forcible entry and detainer statute, the introduction of evidence by either party showing title to the real estate does not operate to divest the justice court of jurisdiction. In such action possession alone is involved and the action cannot be converted by the acts of either party into an action to try title.

(Syllabus by Stewart, C.)

Error from County Court, Okfuskee County; T. H. Wren, Judge.

Action of forcible entry and detainer by George Kitchens against W. T. Casey. Judgment for plaintiff, and defendant brings error. Affirmed.

H. L. Burris and A. B. Burris, for plaintiff in error.

John L. Norman and S. L. O'Bannon, for defendant in error.

Opinion by STEWART, C. In an action of unlawful and forcible entry and detainer judgment was rendered before a justice of the peace for the plaintiff, and an appeal to the county court the plaintiff again recovered judgment. From the action of the county court the defendant duly appeals to this court.

The practically undisputed evidence shows that the plaintiff was in complete peaceable and quiet possession of the land involved, having had the possession for about four years under an Indian lease; that the lease would have expired on January 1, 1913, and in February, 1912, the plaintiff leased the land again from the owner for the year 1913, and retained continuous control and possession of the land up to December 31, when during his temporary absence, the defendant took possession of the same; that the defendant claimed to have another lease from the Indian owner giving him the use of the land for the year 1913; that the defendant had knowledge of the possession and claim of the plaintiff, having talked to the plaintiff about the matter, and having received written notice from the plaintiff on December 27, 1912, that he was in possession and would not surrender the same until the expiration of his lease for the year 1913; that on the night of December 31, 1912, the defendant in the absence of the plaintiff moved upon the land with a wagon and tent; that he was armed with a gun which, according to his own testimony, he carried in his hand for the last one-fourth mile as he was moving to the land; that he opened the gate, pitched his tent on the land, and forbade the plaintiff afterwards to interfere with his possession; that on the morning after taking possession, he ordered a boy from the land who, with a team and stalk cutter, was cutting stalks; that he told the boy that if he (the boy) were a man he would whip him, that he had a boy large enough to whip him; that he ordered the boy to take the stalk cutter off the land. The boy refusing, the defendant placed the stalk cutter over the fence. The plaintiff, after giving due notice to quit, which was ignored by the defendant, brought his action.

The errors urged by the defendant are the refusal of the court to give special instructions requested by the defendant; the giving of instructions numbered 4 and 5 by the court; the admission of incompetent evidence; the refusal of the court to dismiss the cause for want of jurisdiction, in that the title to real estate was involved, and the insufficiency of the evidence. We will not incumber the opinion with a repetition of the requested instruction and the instructions given of which the defendant complains. It is sufficient to say that we have carefully examined the court's instructions and find that they are unusually well considered, clear, and fair and cover every phase of the case presented by the evidence. The instruction requested by the plaintiff, so far as it correctly states the law, was fully covered by the court's general charge. The court did not commit prejudicial error as to the giving or refusing to give instructions, and we feel that there is not suffi-

cient merit to such objections as to call for further discussion.

The evidence admitted, to which the defendant objects, consists of receipts and checks showing money paid to the Indian owner of the land as part payment for the lease. This evidence, if incompetent, is harmless, and was offered for the purpose of showing by what right the plaintiff claimed possession. We do not think that the evidence was necessary. In order to maintain the action, it was only incumbent on the plaintiff to show that he was in peaceable possession, that he was unlawfully ousted by the defendant and is excluded from the premises and possession afterwards forcibly withheld. The defendant contends that the cause should have been dismissed for the reason that the title to real estate was in issue by the pleadings and the evidence. Allegations showing ownership or right of possession are held to be merely descriptive, and do not and cannot in forcibly entry and detainer proceedings raise the question of title. The relief sought and not the allegations determine the character of the action. McDonald v. Stiles, 7 Okla. 327, 54 Pac. 487; Cope v. Braden, 11 Okla. 291, 67 Pac. 475; McClung v. Penny, 11 Okla. 474, 69 Pac. 499; Brown v. Hartshorn, 12 Okla. 121, 69 Pac. 225; Hack v. Zaring, 12 Okla. 307, 71 Pac. 225; Hackney v. McKee, 12 Okla. 401, 75 Pac. 535; Howard et al. v. Davis, 40 Okla. 86, 136 Pac. 401; Bilby v. Bean et al., 42 Okla. 60, 137 Pac. 691. Nor can the title to real estate become involved by any evidence introduced in a forcible entry and detainer action. Cahill v. Pine Creek Oil Co., 38 Okla. 568, 134 Pac. 64; Brown v. Hartshorn, 12 Okla. 121, 69 Pac. 1049; Olds v. Conger, 1 Okla. 232, 32 Pac. 337; Conaway v. Gore, 27 Kan. 127; Burdette v. Corgan, 27 Kan. 275; Armour Packing Co. v. Howe, 62 Kan. 587, 64 Pac. 42. The record does not disclose that the sufficiency of the evidence was challenged during the trial of the case, hence the court is not compelled to consider the sufficiency of the evidence. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 Pac. 157; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Simpson v. Mauldin, 61 Okla. 92, 160 Pac. 481; Van Arsdale & Osborne Brkg. Co. v. Hart, 62 Okla. 119, 162 Pac. 461.

We may, however, say that the evidence fully sustains the verdict. This court, in Cahill v. Pine Creek Oil Co., supra, says:

"The action of forcible entry and detainer is a possessory action only; the title to the land cannot be made an issue, and cannot be involved except as an incident to the trial, and in an action where the party ousted had at the time the actual physical possession of the real estate, no title to him need be shown. If he shows at the trial that he had this possession, though it was acquired and held wrongfully against the party who dispossessed him, he is entitled to hold it, and be protected in it, until dispossessed by process of a court of competent jurisdiction."

It is said in 19 Cyc. 1130:

"The owner is not bound to be continually on his land either in person or by agent, or to station his servants there to keep intruders away. An entry coupled with such acts of ownership as clearly indicate the intention to take and hold permanent possession will be sufficient to enable him to maintain this form of action to repel an unlawful intrusion."

And in the syllabus of Chisholm v. Weise, 5 Okla. 217, 47 Pac. 1086, we find:

"A party, out of possession, though he may be entitled to possession, must resort to legal means to obtain [it] possession."

Speaking of the object of forcible entry and detainer statutes, Mr. Chief Justice Horton in Campbell v. Coonradt, 22 Kan. 704, said:

"The object of the statute is to prevent fights, violence, or other breaches of the peace, and a party who is wrongfully ousted in his absence of his premises by another, and, on demand, is refused possession, need not put himself in danger of personal violence before availing himself of the statute. If the defendant owns the property in question, the law has provided abundant means through and by which he can assert his rights, without the unlawful action taken by him."

The judgment of the trial court is affirmed.

By the Court: It is so ordered.