## FULMELE v. CAMP.

JURISDICTION—PUBLIC LANDS—POSSESSORY ACTIONS.

Courts are without jurisdiction to determine the right of contending parties to purchase public lands while a controversy is being waged before the proper officers of the interior department to settle such right, but they have jurisdiction to prevent the wrongful invasion of the possession of one in the actual occupancy of public domain.

*Appeal from the District Court of Weld County.*

THIS action was brought by Camp against Fulmele to recover the exclusive possession of forty acres of land. The facts upon which plaintiff relies are substantially as follows :

This land is included in, and a part of, the southwest quarter of section 3, township 5 north, of range 65 west, said section being one of the numbered sections embraced in the congressional grant to the Denver Pacific Railway and Telegraph Company. On the 13th day of April, 1870, John Evans, trustee for said company, conveyed the whole of said section to Horace Greeley, trustee for the Union Colony of Colorado.

Through divers mesne conveyances, appellee's grantor acquired the title of said company to one twenty of the land in controversy in 1878, and the other twenty in 1882; acquired water rights for the irrigation of the. same ; paid taxes thereon; and caused the same, in the fall of 1886, to be inclosed with a good and substantial fence, since which time alfalfa and other hay has been raised on the land. He conveyed the same on January 11, 1889, to appellee, who immediately entered into possession, and remained in the

exclusive control thereof until the 15th day of August, 1889, when it is alleged appellant clandestinely and with force entered upon the land, and wrongfully withholds possession.

The defendant seeks to justify his intrusion upon plaintiff's possession upon the ground that by reason of a preemption entry made by Alexander upon the southwest quarter of section 3, prior to the congressional grant, this quarter section, which includes the land in controversy, was excepted from such grant, and remained public land, subject to preemption or homestead entry; and that on the 27th day of April, 1889, he made homestead entry in the land office at Denver of said quarter. His application to make final proof before the local land office was rejected, and is now pending on appeal before the commissioner of the general land office.

The plaintiff, learning of Alexander's preëmption filing, made application on the 25th of June, 1889, to be allowed to purchase the land, under the 5th section of the act of congress of March 3, 1887. His application was rejected by the local land office. From this decision he appealed, which appeal was also pending at the time of the commencement of this action.

The court below found that the plaintiff was entitled to the peaceful and undisturbed possession of the land in question, and was, on the 15th day of August, 1889, in the actual and peaceable possession thereof, having the same inclosed with a good and substantial fence, and that on that day defendant wrongfully and forcibly entered upon said property without his consent or permission; and rendered judgment for possession and damages. From this judgment the defendant prosecutes this appeal.

Mr. F. J. MOTT, for appellant.

Mr. H. N. HAYNES, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The appellee contends that the district court was without

jurisdiction to entertain this action, because the claims of the respective parties to the land in question were pending on a contest in the land office. It will be conceded that the courts are without jurisdiction to determine the right of contending parties to purchase public land while a controversy is being waged before the proper officers of the interior department to settle such right, and will refuse to aid either party, by way of affirmative relief, until such controversy is finally determined by that department. But their jurisdiction to prevent the wrongful invasion of the possession of one in the actual occupancy of the public domain, so long as the title remains in the government, is not only expressly conferred by our statute, but is essential to the maintenance of the peace and order of the community. In the exercise of this jurisdiction, the courts do not attempt to pass upon the merits of the respective claims of the contending parties and decide which has successfully initiated and established his right to ultimately receive the legal title to the land, but only protect the actual possession, and prevent the wrongful and forcible interference therewith, until the government parts with its title.

Eliminating from the pleadings all averments relating to the claims upon which the plaintiff and defendant found their right to purchase the land from the government, as preemption or homestead claimants, there remains the statement of a cause of action which the court below clearly had the jurisdiction to hear and determine. It is averred that plaintiff and his grantors had been in the actual and undisturbed possession of the land in question for three years prior to the 15th day of August, 1889; had inclosed the same with a good and substantial fence, and raised crops thereon during this time; that on the 15th day of August, 1889, and while plaintiff was so in the sole, exclusive, peaceful possession, defendant wrongfully and forcibly cut the fence and entered upon the land without his consent or permission, and by virtue of said wrongful entry remains in possession of the major part of the premises.

The court below found that the testimony sustained these allegations. To hold that the party whose possession is thus invaded is remediless pending a protracted controversy before the officers of the land department, and until they shall have determined that he has the right to purchase the land and receive the title from the government, is to " bring chaos instead of social order ; to make the court a useless formality, and the law an object of contempt."

With this view, it becomes unnecessary to consider whether, under the circumstances alleged in his answer, the defendant initiated a valid homestead right by his filing in the land office, since, if valid, it would not, under the circumstances, justify forcible entry upon the possession of plaintiff. It follows that the judgment of the court below must be affirmed..

*Affirmed.*