[Civ. No. 4940. Third Appellate District.—May 2, 1933.]

ROBERT J. GRAHAM, Petitioner, v. THE SUPERIOR COURT OF SISKIYOU COUNTY et al., Respondents.

Chas. L. Gilmore for Petitioner.

Allen & McNamara for Respondents.

PLUMMER, J.—This proceeding is before us based upon an application of the above-named petitioner, and order to show cause why the respondent court and Honorable C. J. Luttrell, the judge thereof, should not refrain from further proceedings in a certain action pending in said court entitled, *"Minerals Recovery Corporation, Ltd., a corporation plaintiff,* v. *Robert J. Graham and Mary Doe Graham, his wife, defendants"*.

It appears from the record that the above-entitled cause was tried in said superior court and judgment entered therein in favor of the plaintiff for the possession of the lands and premises known as certain mining claims, and that a writ of assistance will be issued in said action to place the plaintiff in possession thereof. The judgment in the action is to the effect that the plaintiff have judgment against the defendant restoring the possession of the premises described in the complaint to the plaintiff. The judgment in itself does not purport to affect the title to the premises. There is nothing in the judgment adjudging that either the plaintiff or the defendants have title to the disputed premises. The findings upon which the judgment is based go further and do find that the plaintiff is the owner of the premises involved. The conclusion of law based upon the findings of fact is only to the effect that the plaintiff have restitution and possession of the premises set forth in the plaintiff's complaint.

The record shows that the premises involved includes three placer mining claims, of which the complaint alleges that the plaintiff is the owner and entitled to the possession thereof, said mining claims being situate in the county of Siskiyou. It is further set forth in the complaint that the defendants wrongfully and without right entered upon said premises, took possession of certain buildings thereon which had theretofore been erected and placed upon the premises by the plaintiff, and at the time of the beginning of the action withheld the possession thereof from the plaintiff, to the plaintiff's damage in the sum of $1,000.

As against the claim set forth, upon which the plaintiff bases his right of possession, the defendants answer, setting

up a certain homestead entry number 255, in which the defendants assert a homestead interest in and to the premises described in the complaint.

The record shows that the plaintiff, prior to the alleged homestead entry on the part of the defendants, had built upon the premises a large store building and living apartment, five cabins, gas-pump and other mining buildings, of which the defendants have taken possession. It is further alleged by the defendants that the plaintiff, prior to the alleged homestead entry, abandoned, all and singular, the premises described in the complaint. The court found that the plaintiff had erected the buildings upon the premises, was entitled to the possession, and was, at the time of the beginning of the action, entitled to the possession. ■ As we have said, the findings went further, and to the effect that the plaintiff was the owner of the placer mining claims involved in the action. The question of ownership was not carried into the judgment, and if carried therein, of course would be ineffective, as the title to the premises is still in the general government, and only the right of possession could be determined in the action.

Among other things the trial court found as follows: "That the defendants wrongfully and without right entered into and upon the possession of said premises, occupied and used the buildings thereon and have collected and are collecting rents from said buildings," etc.

The only question for us to determine is whether the trial court had jurisdiction to adjudge the right of possession pending the outcome of any controversy as to the right of the respective parties to obtain title to the controverted premises from the general government.

■ The record of the trial court as presented to us does not show that any contest is pending in the general land office, wherein the title to the disputed premises is involved. The petition for the injunction in this proceeding does set forth that after the trial in said action a contest has been filed. This, however, cannot be considered in determining the jurisdiction of the trial court to pass upon the right of possession pending the outcome of such contest.

■ While the state courts have no jurisdiction to determine questions of title or right to public lands of the United States subject to settlement, it appears almost without a dis-

senting opinion that state courts do have jurisdiction of merely possessory actions.

In volume 12, American & English Annotated cases, page 32, are collected a number of cases supporting the following statement of the law: "The courts are without jurisdiction to determine the rights of rival claimants of public lands while a controversy is being waged before the proper officers of the interior department to settle such rights, and will refuse to aid either party, by way of affirmative relief, until the controversy is finally determined by that department; but they have jurisdiction to prevent the wrongful invasion of the possession of one in the actual occupancy of the public domain, so long as the title remains in the government." . . . (Citing a long list of authorities.) And further: "In the exercise of this jurisdiction, the courts do not attempt to pass upon the merits of the respective claims of the contending parties, and decide which has successfully initiated and established his right ultimately to receive the legal title to the land, but only protect the actual possession, and prevent any wrongful and forcible interference therewith, until the government parts with its title. (Citing *Fulmele* v. *Camp*, 20 Colo. 495 [39 Pac. 407].) By protecting the possession of one claiming public lands against an adverse claimant, there is no attempt to control the action of the land department, or to determine the question before it; but the court simply maintains the parties *in statu quo* until their rights are determined by the proper tribunal." Likewise: "One in possession of public lands who claims under the homestead law is entitled to protection in his possessory rights until the questions of law involved in a dispute as to the title of the property have been settled by the land department." A long list of authorities is cited to the following statement: "Where land in the possession of one claiming under the preemption or homestead law is wrongfully and forcibly entered upon by another, the preemptor or homestead entryman may maintain an action for the possession thereof pending the decision of the land department as to the title to the property." Likewise, in *Sproat* v. *Durland*, 2 Okl. 24 [35 Pac. 682], the Supreme Court of Oklahoma ruled as follows: "It may be stated, as a well-settled proposition, that the courts have the right to deal with the question of possession, as between settlers

upon the public domain, until such time as the government, by its issuance of a patent, puts forever at rest the title to the lands. It is the duty of the court, in dealing with such matters, to exercise its equitable powers, and see to it that possession is given to the person who, under the laws of congress, is entitled thereto; and, when it is ascertained that a person claiming the right to the use and occupancy of a tract of land, the title of which is still in the United States, is, under the laws of congress, a mere trespasser, it becomes the plain duty of the courts having jurisdiction to give to the proper party the possession of the land upon which the trespass is committed. . . . To say that no relief can be granted, or that our courts are powerless to do justice between litigants in this class of cases, pending the settlement of title in the land department, would be the announcement of a doctrine abhorrent to a sense of common justice. It would encourage the strong to override the weak, would place a premium upon greed and the use of force, and, in many instances, lead to bloodshed and crime. Such a state of affairs is to be avoided, and the courts should not hesitate to invoke the powers inherent in them, and lend their aid, in every way possible, to prevent injustice, by preventing encroachments upon the possessory rights of settlers, or by equitably adjusting their differences.''

To the same effect is the case of *Reaves* v. *Oliver*, 3 Okl. 62 [41 Pac. 353], where it is said: ''Courts have the power to deal with possession of land prior to the issue of patent, and will protect the possessory rights of those entitled to the same under the laws relating to public lands.''

In *Bay* v. *Oklahoma So. Gas, Oil & Min. Co.*, 13 Okl. 425 [73 Pac. 936], the Supreme Court of Oklahoma, after citing a number of cases in which the court had held that a homestead entryman would be protected in his possession, used the following language: ''We are now confronted for the first time in this court with a claimant under the mineral laws of the United States. . . . We can see no reason why the same rule applied by this court in former cases is not applicable to the case of a mineral claimant claiming adversely to a homestead claimant. The land is *prima facie* nonmineral, the entryman has made the necessary nonmineral affidavit, and the officers of the land department have allowed his entry. This impresses the land embraced

in his entry with the character of agricultural nonmineral land. If there was a valid, prior location of a mineral claim on the tract, such location entitles the mineral claimant to possession of his mineral claim until the land department hears and determines the question as to the character of the land.'' ■ That is all which is involved in the present action so far as the judgment is concerned. It is alleged in the complaint, and also found that the defendants wrongfully and unlawfully entered upon the premises of which the plaintiff had formerly, and was at the time of the beginning of the action, entitled to the possession; that the defendants had so wrongfully and unlawfully taken possession of buildings erected upon the premises belonging to the plaintiff, and of which the plaintiff was entitled to the immediate possession. We are bound by the record before us. Whether these findings are supported by the evidence presents a question which could only be determined upon appeal.

In 30 U. S. C. A., page 269, is quoted a list of cases, so long that only general reference thereto can be made, supporting the following: In the absence of diverse citizenship, and where there is no question as to the meaning and construction of a statute, state courts are regarded as having competent jurisdiction to determine the right of possession. Whether the state court in the action involving the possession of the premises set forth in the complaint of *Minerals Recovery Corp.* v. *Robert J. Graham et al.* correctly determined the right of possession is immaterial. The cases to which we have called attention establish the fact that state courts have jurisdiction to determine who is entitled to possession of disputed premises pending determination of a contest before the general land office involving the title. For this reason the order to show cause heretofore issued in this proceeding is vacated, and a writ of prohibition denied.

Pullen, P. J., and Thompson, J., concurred.