[Civ. No. 9667. Second Appellate District, Division Two.—June 7, 1934.]

CLARENCE A. BARKER et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Samuel W. Blum, M. Seaton Cohen and Maurice Saeta for Petitioners.

O'Connor & Divet and Milton Bryan for Respondents.

STEPHENS, P. J.—On petition for writ of prohibition.

Our alternative writ of prohibition issued and herein such writ is discharged and the prayer for the peremptory writ of prohibition is denied.

Although the pleadings are rather lengthy, only a very abbreviated statement of the case need be made to present the issues here involved.

The plaintiffs are husband and wife and claim the property involved in this proceeding as community property. Plaintiff Effie V. Bonebrake secured a permit from the department of the interior of the federal government to prospect for oil and gas and if either be found to produce and market the same. She entered into a contract with defendant. Samuel W. Blum to exercise her rights under the permit and assigned such permit to him. The other defendants have some interest in such contract and assignment of permit derived through Blum. Plaintiffs claim that she was induced to assign such permit through certain fraudulent statements of the defendants and that the contract has been breached by defendant Samuel W. Blum by reason of failure to commence to drill for oil within the stipulated time. Plaintiffs ask that their title be quieted to the land embraced within such permit, under the terms of the permit against any claim of defendants and for the cancellation of the contract and that a judgment be awarded them for the sum of money stipulated to be paid by the terms of the contract for each month in which drilling was not commenced subsequent to a certain date and for damages for holding possession of the premises after the notice of cancellation of the contract by forfeiture.

There is no claim but that the subject matter and the parties are within the jurisdiction of the superior court, but defendants allege that the permit has been contested by a third party and that this contest is pending in the department of the interior of the federal government and that such proceeding deprives the superior court of this state of jurisdiction.

We do not think such a claim can be supported. The permit issued is a property right which can be protected

by its owner in the courts and such right to protect the property right cannot be affected by a third person's asserted claim against its validity. If this were not true a property right could be entirely destroyed through repeated but unfounded claims of third parties. Relative questions are treated and many cases cited in *Lightner Min. Co.* v. *Superior Court, etc.,* 14 Cal. App. 642 [112 Pac. 909], and *Graham* v. *Superior Court, etc.,* 131 Cal. App. 579 [21 Pac. (2d) 621].

It would seem that some of the matters set up in the petition would be proper matters of defense in the trial sought to be prohibited. It may be that the trial court in its discretion will determine that certain issues should be suspended until the United States government has acted, but we think the facts as presented to us do not justify the issuance of any restraining writ against the trial court.

The alternative writ is discharged and the peremptory writ is denied.

Desmond, J., and Archbald, J., *pro tem.,* concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 6, 1934.